UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- X
ADIAHA A. RUANE,                                        :
                                                        :  No. 17-CV-3704 (PKC)(PK)
                    Plaintiff,                          :
        - against –                                     :  **CHEX SYSTEMS, INC.'S**
                                                        :  **ANSWER & AFFIRMATIVE**
BANK OF AMERICA, N.A. and CHEX                          :  **DEFENSES TO PLAINTIFF'S**
SYSTEMS, INC.,                                          :  **COMPLAINT**
                                                        :
                    Defendants.                         :
------------------------------------------------------- X

Defendant Chex Systems, Inc. ("Chex" or "Defendant"), by and through its attorneys, Fox Rothschild LLP, files its Answer to the Complaint of Plaintiff Adiaha A. Ruane ("Plaintiff"), with affirmative defenses as follows:

## PRELIMINARY STATEMENT

1. Admitted upon information and belief.

2. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

3. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

4. Admitted in part; denied. Chex admits only that plaintiff purports to seek alleged damages, alleged injunctive relief, alleged reasonable costs and alleged attorney's fees. Chex denies that plaintiff has a factual, legal or equitable basis to recover these items.

## JURISDICTION AND VENUE

5. Denied. The allegations contained in this paragraph concerning alleged jurisdiction constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

6. Denied. The allegations contained in this paragraph concerning alleged venue constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

## PARTIES

7. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

8. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

9. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

10. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

11. Admitted.

12. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

13. Admitted.

## FACTUAL ALLEGATIONS

**Plaintiff's Facts**

   *I. Fraud on Plaintiff's BOFA Account*

14. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

15. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

16. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

17. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

18. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

19. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

20. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

21. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

22. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

23. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

24. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

25. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

26. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

27. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

*II. BOFA's Response to the Fraud*

28. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

29. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

30. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

31. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

32. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

33. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

34. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

35. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

36. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

37. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

38. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

39. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

40. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

41. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

42. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

43. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

44. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

45. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

46. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

47. Denied as stated. It is admitted only that on or about December 20, 2016, Chex sent a report to Plaintiff. The report is a written document that must be examined for its content. If Plaintiff mischaracterizes the content of the report, Chex denies the mischaracterizations.

48. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

### *III. Plaintiff's Chex Systems Dispute*

49. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

50. Denied as stated. It is admitted only that Plaintiff mailed a dispute letter to Chex in or around March 2, 2017. The dispute letter is a written document that must be examined for its content. If Plaintiff mischaracterizes the content of the letter, Chex denies the mischaracterizations.

51. Denied as stated. It is admitted only that on or about April 11, 2017, Chex sent a letter to Plaintiff. The April 11, 2017 letter is a written document that must be examined for its content. If Plaintiff mischaracterizes the content of the letter, Chex denies the mischaracterizations.

52. Admitted.

53. Denied as stated. The March 24, 2017 letter is a written document that must be examined for its content. If Plaintiff mischaracterizes the content of the letter, Chex denies the mischaracterizations.

### IV. *BOFA's Failure to Properly Investigate*

54. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

55. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

56. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

57. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

58. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

59. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

60. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

61. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

62. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

63. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

64. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

65. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

66. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

67. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

68. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

### V. Chex Systems's FCRA and NY FCRA Violations

69. Denied. To the extent the allegations contained in this paragraph constitute conclusions of law, no response is required.

70. Denied. To the extent the allegations contained in this paragraph constitute conclusions of law, no response is required.

71. Denied. To the extent the allegations contained in this paragraph constitute conclusions of law, no response is required.

72. Denied as stated. It is admitted only that on or about April 11, 2017, Chex sent a letter to Plaintiff. The April 11, 2017 letter is a written document that must be examined for its content. If Plaintiff mischaracterizes the content of the letter, Chex denies the mischaracterizations.

73. Denied as stated. It is admitted only that on or about April 11, 2017, Chex sent a letter to Plaintiff. The April 11, 2017 letter is a written document that must be examined for its content. If Plaintiff mischaracterizes the content of the letter, Chex denies the mischaracterizations.

74. Denied.

75. Denied.

76. Denied as stated. It is admitted only that on or about April 11, 2017, Chex sent a letter and consumer report to Plaintiff. The April 11, 2017 letter and consumer report are written documents that must be examined for their content. If Plaintiff mischaracterizes the content of the documents, Chex denies the mischaracterizations.

77. Denied.

78. Denied.

### VI.  BOFA's FCRA Violations

79. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

80. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

81. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

82. Denied. After reasonable investigation, Chex is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

83. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

84. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

85. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

### VII. *Electronic Fund Transfer Act and Regulation E*

86. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

87. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

88. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

89. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

90. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

91. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

92. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

**FIRST CLAIM FOR RELIEF**
(Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.*)
(Against Defendant BOFA)

93. Chex incorporates by reference its answers to all of the preceding paragraphs as if fully set forth herein.

94. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

95. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

96. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

97. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

98. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

99. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

**SECOND CLAIM FOR RELIEF**
(N.Y. Gen. Bus. Law § 349)
(Against Defendant BOFA)

100. Chex incorporates by reference its answers to all of the preceding paragraphs as if fully set forth herein.

101. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

102. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

103. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

104. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

105. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

106. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

107. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

108. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

**THIRD CLAIM FOR RELIEF**
(Breach of Duty of Good Faith and Fair Dealing)
(Against Defendant BOFA)

109. Chex incorporates by reference its answers to all of the preceding paragraphs as if fully set forth herein.

110. Denied. To the extent the allegations contained in this paragraph constitute conclusions of law, no response is required.

111. Denied. To the extent the allegations contained in this paragraph constitute conclusions of law, no response is required.

112. Denied. To the extent the allegations contained in this paragraph constitute conclusions of law, no response is required.

113. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

114. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

**FOURTH CLAIM FOR RELIEF**
(Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*)
(Against Defendant BOFA)

115. Chex incorporates by reference its answers to all of the preceding paragraphs as if fully set forth herein.

116. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

117. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

118. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

**FIFTH CLAIM FOR RELIEF**
(Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*)
(Against Defendant ChexSystems)

119. Chex incorporates by reference its answers to all of the preceding paragraphs as if fully set forth herein.

120. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

121. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

122. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

**SIXTH CLAIM FOR RELIEF**
(New York Fair Credit Reporting Act, N.Y. Gen. Bus. Law §§ 380-j and 380-k)
(Against Defendant ChexSystems)

123. Chex incorporates by reference its answers to all of the preceding paragraphs as if fully set forth herein.

124. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

125. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

126. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

**SEVENTH CLAIM FOR RELIEF**
(Defamation)
(Against Defendant ChexSystems)

127. Chex incorporates by reference its answers to all of the preceding paragraphs as if fully set forth herein.

128. Denied as stated. It is admitted only that upon information and belief Chex has generated reports that reference plaintiff and plaintiff's financial information. The reports are written documents that must be examined for their content. If Plaintiff mischaracterizes the content of the reports, Chex denies the mischaracterizations.

129. Denied as stated. It is admitted only that upon information and belief Chex has generated reports that reference plaintiff and plaintiff's financial information. The reports are written documents that must be examined for their content. If Plaintiff mischaracterizes the content of the reports, Chex denies the mischaracterizations.

130. Denied as stated. To the extent the allegations contained in this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations could be construed as factual, it is admitted only that upon information and belief Chex has generated reports that reference plaintiff and plaintiff's financial information. The reports are written documents that must be examined for their content. If Plaintiff mischaracterizes the content of the reports, Chex denies the mischaracterizations.

131. Denied as stated. To the extent the allegations contained in this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations could be construed as factual, it is admitted only that upon information and belief Chex has generated reports that reference plaintiff and plaintiff's financial information. The reports are written documents that must be examined for their content. If Plaintiff mischaracterizes the content of the reports, Chex denies the mischaracterizations.

132. Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

133. Denied as stated.  To the extent the allegations contained in this paragraph constitute conclusions of law, no response is required.  To the extent the remaining allegations could be construed as factual, it is admitted only that upon information and belief Chex has generated reports that reference plaintiff and plaintiff's financial information.  The reports are written documents that must be examined for their content.  If Plaintiff mischaracterizes the content of the reports, Chex denies the mischaracterizations.

134. Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

135. Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, all such allegations are denied.

**EIGHTH CLAIM FOR RELIEF**
(Defamation)
(Against Defendant BOFA)

136. Chex incorporates by reference its answers to all of the preceding paragraphs as if fully set forth herein.

137. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

138. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

139. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

140. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

141. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

142. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

143. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

144. The allegations contained in this paragraph are directed to a defendant other than Chex and accordingly, no response is required.

## AFFIRMATIVE DEFENSES

By way of further response, Chex asserts the following affirmative defenses to the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by her own acts and omissions from recovering any relief.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff suffered damages, which Chex denies, Plaintiff failed to mitigate her alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

Chex denies that Plaintiff sustained any damages and denies that it proximately caused any of the damages claimed by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover from Chex to the extent that any damages that Plaintiff may have suffered, which Chex continues to deny, directly and proximately resulted from the acts and/or omissions of a third party over which Chex has no responsibility.

## ADDITIONAL DEFENSES RESERVED

Chex reserves the right to amend its Answer and to assert additional affirmative defenses as Plaintiff's claims become more fully disclosed during the course of the litigation.

WHEREFORE, Chex respectfully demands judgment in its favor dismissing the Complaint in its entirety with prejudice, together with attorney's fees, interest, costs, and such other and further relief as the Court deems just and proper.

Dated: September 19, 2017
New York, New York

**FOX ROTHSCHILD LLP**

By: /s/ John A. Wait
John A. Wait, Esq.
Alexandra L. Sobol, Esq.
Fox Rothschild LLP
101 Park Avenue, 17th Floor
New York, NY 10178
212-878-7900
*Attorneys for Defendant Chex Systems, Inc.*