UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ADIAHA A. RUANE,                                 :     Index No.: 17-CV-3704
                Plaintiff,     :     (PKC) (PK)
                                                          :
        - against -                          :     **STIPULATED**
                                                          :     **CONFIDENTIALITY**
BANK OF AMERICA, N.A. and CHEX    :     **AGREEMENT AND**
SYSTEMS, INC.,                                   :     **PROTECTIVE ORDER**
                                                          :
               Defendants    :
---------------------------------------------------------x

PEGGY KUO, United States Magistrate Judge:

      WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

      WHEREAS, the Parties, through counsel, agree to the following terms; and

      WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

      IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms:

      1.      With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder:

        2.      The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

    (a)    previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    (b)    previously non-disclosed material relating to ownership or control of any non-public company;

    (c)    previously non-disclosed business plans, product-development information, or marketing plans;

    (d)    any information of a personal or intimate nature regarding any individual, including personal data such as date of birth, social security number or financial account numbers; or

    (e)    any other category of information given confidential status by this Court after the date of this Order.

        3.      The parties disagree as to whether the following items are entitled to confidential status, and reserve the right to seek a ruling from the Court as to the confidential nature of the following material, and while such ruling is pending, inclusive of permitted appeals or other application(s) to either this Court or the United States Circuit Court of Appeals for the Second Circuit, the parties agree to deem the disputed material confidential:

    (a)    Internal policies and procedures, including without limitation, claims investigation policies, procedures, and programs;

  (b)  Internal employee training policies, procedures, and programs, including without limitation, claims investigation procedures; and

  (c)  Internal security policies, procedures, and programs.

  4.  With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

  5.  A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential. If no Party or deponent timely designates information as Confidential in a deposition transcript, then none of the transcript or its exhibits will be treated as Confidential; if a timely designation is made, the Confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked, pursuant to paragraph 10 of this Order.

6. If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" designation within two business days of providing such notice. This paragraph shall not apply to deposition transcripts.

7. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a) the Parties to this action;

    (b) the Parties' insurers and counsel to the Parties' insurers;

    (c) accountants, auditors, or examiners required or authorized by law to review any Discovery Material that has been designated as Confidential;

    (d) counsel retained specifically for this action, including any paralegal, partner, supervisor, clerical, or other assistant that such counsel employs and assigns to this matter;

(e) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(f) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

(g) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(h) any persons with prior knowledge of Confidential Discovery Material;

(i) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action;

(j) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action;

(k) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(l) this Court, including any appellate court, its support personnel, and court reporters.

9. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 8(b), 8(c), 8(d), 8(e), 8(i), and 8(j) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel before such person is permitted to testify (at deposition or trial). Persons identified in subparagraph 8(d) who are under the control or in the employment of

counsel and persons identified in subparagraph 8(f) and 8(k), need not sign the Non-Disclosure Agreement annexed hereto as Exhibit A, but counsel must make such persons aware of the confidential nature of any Confidential Discovery Material.

10. This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder.

11. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court utilizing the procedure for motions for leave to file documents under seal set forth in paragraph II(B) of this Court's Individual Practices, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

12. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. Within 10 calendar days of the Producing Party's receipt of such written notice, the Parties shall attempt to resolve the dispute. If the Parties cannot reach agreement promptly, it shall be the Producing Party's obligation to seek a court order affirming that the information at issue is entitled to protection under the terms of this Order, in accordance with paragraph V(A) of this Court's Individual Practices. The Producing Party shall move the Court for such an affirming order within 10 calendar days of the failed

attempt to resolve the dispute, unless the Parties stipulate in writing to a different time frame for the filing of such a motion. The information in question shall be treated, consistent with its designation, as Confidential pending an order from the Court. A failure of the Producing Party to file its motion with the Court within the time designated in this paragraph, or such other time as to which the Parties may otherwise agree (in writing), shall be deemed a waiver of the designation of the subject information as Confidential; the documents, information or other things originally so designated shall be deemed to be no longer subject to this Order and will no longer be protected by the confidentiality designation.

13. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. Within 10 calendar days of receipt of such written notice by the recipient Party, the Parties shall attempt to resolve the dispute. If the Parties cannot reach agreement promptly, it shall be the Producing Party's obligation to seek a court order affirming that the information at issue is entitled to such additional limits on disclosure in accordance with paragraph V(A) of this Court's Individual Practices and the procedures and timeframes set forth in paragraph 11 of this Order.

14. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

15. Subject to the Federal and/or New York Rules of Evidence, Confidential Discovery Material, including without limitation deposition testimony, may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives reasonable, but no less than 14 days', advance notice to counsel for the party or other person that designated the information as Confidential. Any party may formally or informally move the Court or otherwise as the Court's rules may provide for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential and, if so, what protection, if any, may be afforded to such Confidential Discovery Material at the trial. With regard to rebuttal exhibits the parties agree to confer with each other and obtain a ruling from the Court prior to publishing Confidential Discovery Material to the jury.

16. Inadvertent production of any document subject to the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of the privilege or immunity, provided that the Producing Party promptly notifies the recipients in writing of such inadvertent production after the Producing Party discovers the inadvertent production. If prompt notification is made and the Producing Party establishes the circumstances surrounding the inadvertent production of the document and the grounds for an applicable privilege or immunity, the inadvertently produced document and all copies thereof shall promptly be returned to the Producing Party or destroyed. The receiving Party shall not make any use of such document during deposition or trial, nor shall the receiving Party show the document to anyone who was not already given access to it prior to the Producing Party's request to return or destroy. If, after conferring, the Parties cannot agree as to whether a document should be protected from disclosure by a privilege or immunity, the Producing Party

shall have 10 business days to file a motion with the Court seeking the return or destruction of the produced document. While such a motion is pending, the receiving Party shall not make any use of such document during deposition or at trial, nor shall such document be shown by the receiving Party to anyone who was not already given access to it prior to the Producing Party's request to return or destroy the document.

17. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

18. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19. Within 60 days of the final disposition of this action — including all appeals — all recipients of Confidential Discovery Material must either return it — including all copies thereof — to the Producing Party, or destroy such material — including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties

have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

20. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

21. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

SO STIPULATED AND AGREED.

/s/ Eve Weissman_____  
Counsel for Plaintiff Adiaha A. Ruane  
Dated: 05/16/18

/s/ Constantine A. Despotakis_____  
Counsel for Defendant Bank of America, N.A.  
Dated: 05/16/18

/s/ John Wait_____  
Counsel for Defendant Chex Systems, Inc.  
Dated: 05/16/18

SO ORDERED.

Dated: May 17, 2018  
       Brooklyn, New York

*Peggy Kuo*  
PEGGY KUO  
U.S.M.J.

Exhibit A
to Stipulated Confidentiality
Agreement and Protective Order

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

| | | |
|---|---|---|
| ADIAHA A. RUANE, | : | Index No.: 17-CV-3704 |
| Plaintiff, | : | (PKC) (PK) |
| | : | |
| - against - | : | **NON-DISCLOSURE** |
| | : | **AGREEMENT** |
| BANK OF AMERICA, N.A. and CHEX SYSTEMS, INC., | : | |
| | : | |
| Defendants | : | |

---------------------------------------------------------x

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Eastern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Name:
Date: