Aaron Weissberg, Esq.
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
1133 Westchester Avenue
White Plains, NY 10604-3407
Tel: (914) 872-7189
Email: aaron.weissberg@wilsonelser.com

Attorneys for Defendant
BANK OF AMERICA, N.A.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
                                                :

ADIAHA A. RUANE,

                                       :   Civil Action No.: 17-CV-3704

                Plaintiff(s),

                                     :   CIVIL ACTION

         -against-

                                     :   AMENDED ANSWER

BANK OF AMERICA, N.A. and CHEX SYSTEMS, INC.,

                                     :

                Defendants.

                                     :
-------------------------------------------------------------------------x

## DEFENDANT, BANK OF AMERICA, N.A.'S AMENDED ANSWER TO COMPLAINT

       Defendant, BANK OF AMERICA, N.A., (hereinafter "BANA" or "Defendant"), by its attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, as and for its Amended Answer to the Plaintiff's Complaint (hereinafter "Complaint"), upon information and belief, as follows:

### PRELIMINARY STATEMENT

    1.     BANA admits the allegations contained in paragraph 1 of the Complaint upon information and belief.

    2.     BANA denies the allegations contained in paragraph 2.

    3.     The allegations contained in paragraph 3 of the Complaint are not directed at BANA. However to the extent a response is required, BANA is without knowledge or

1

7041284v.1

information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4.      BANA admits solely that plaintiff purports to seek alleged damages, alleged injunctive relief, alleged reasonable costs and alleged attorney's fees in the allegation contained in paragraph 4 of the Complaint, but otherwise denies that plaintiff has a factual, legal or equitable basis to recover these items.

## JURISDICTION AND VENUE

5.      Defendant states that the allegations in paragraph 5 of the Complaint call for a legal conclusion and therefore no answer is required.

6.      Defendant states that the allegations in paragraph 6 of the Complaint call for a legal conclusion and therefore no answer is required.

## PARTIES

7.      BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.      BANA states that the allegations in paragraph 8 of the Complaint call for a legal conclusion and therefore no answer is required.

9.      BANA admits the allegations contained in paragraph 9 of the Complaint and further states that it is a federally chartered national bank with a principal office in Charlotte N.C., and is duly authorized to conduct business in New York State including without limitation New York City. The remaining allegations in paragraph 9 of the Complaint do not require any response and all questions of fact are respectfully referred to this Court for determination and furthermore the Court is referred to all public financial records of BANA.

2

10.    BANA states that the allegations in paragraph 10 of the Complaint call for a legal conclusion and therefore no answer is required.

11.    The allegations contained in paragraph 11 of the Complaint are not directed at BANA. However to the extent a response is required, BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.    The allegations contained in paragraph 12 of the Complaint are not directed at BANA. However to the extent a response is required, BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.    The allegations contained in paragraph 13 of the Complaint are not directed at BANA. However to the extent a response is required, BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

## FACTUAL ALLEGATIONS

### Plaintiff's Facts

#### I.    *Fraud of Plaintiff's BOFA Account*

14.    BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.    BANA denies the allegations contained in paragraph 15 of the Complaint, except admit solely that BANA closed Plaintiff's account and reported her to at least one consumer reporting agency by reason of certain fraudulent transactions on said account

3

16.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19.     BANA denied the allegations contained in paragraph 19, except admits solely that fraudulent checks in the amounts of \$989, \$975, \$958, \$969 and \$947.97 were deposit into an account maintained by Plaintiff at BANA on September 27, 2017, via online banking.

20.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and BANA respectfully refers all questions of fact and law to the Court for ultimate determination.

21.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and BANA respectfully refers all questions of fact and law to the Court for ultimate determination.

22.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and BANA respectfully refers all questions of fact and law to the Court for ultimate determination.

23.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, and BANA respectfully refers all questions of fact and law to the Court for ultimate determination.

7041284v.1

24.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and BANA respectfully refers all questions of fact and law to the Court for ultimate determination.

25.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and BANA respectfully refers all questions of fact and law to the Court for ultimate determination.

26.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and BANA respectfully refers all questions of fact and law to the Court for ultimate determination.

27.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and BANA respectfully refers all questions of fact and law to the Court for ultimate determination.

## II.     BOFA's Response to the Fraud

28.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, except admits solely that BANA sent three letters to Plaintiff dated September 29, 2016.

29.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint but admits solely that it sent a letter dated September 29, 2016, to Plaintiff and the Court is respectively referred to the subject letter as to the contents thereof.

30.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint but admits solely that it sent a letter dated September 29, 2016, to Plaintiff and the Court is respectively referred to the subject

7041284v.1

letter as to the contents thereof, and that various fees were properly charged to Plaintiff's account in accordance with the applicable governing Deposit Agreement and Fee Schedule (hereinafter, "Deposit Agreement") in effect between BANA and Plaintiff.

31.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint but admits solely that it sent a letter dated September 29, 2016, to Plaintiff and the Court is respectively referred to the subject letter as to the contents thereof.

32.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint but admits solely that it sent letters dated September 29, 2016, to Plaintiff and the Court is respectively referred to the subject letters as to the contents thereof. In addition, to the extent paragraph 32 of the Complaint asserts or is deemed to assert wrongful or improper conduct on the part of BANA, BANA denies said allegations.

33.     BANA admits the allegations contained in paragraph 33 of the Complaint upon information and belief.

34.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint. Transactions regarding

6

Plaintiff's account are reflected in the monthly statements provided to Plaintiff and BANA respectfully refers all questions of fact and law to the Court for ultimate determination.

38.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint but admits solely that $912.33 was withdrawn from the subject account on October 3, 2016. Transactions regarding Plaintiff's account are reflected in the monthly statements provided to Plaintiff, and BANA respectfully refers all questions of fact and law to the Court for ultimate determination.

39.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 but admits solely that various fees were properly charged to Plaintiff's account in accordance with the applicable governing Deposit Agreement and fee schedule, a monthly statement for the period of September 15, 2016 to October 13, 2016, to Plaintiff and the Court is respectively referred to the subject statement as to the contents thereof. BANA further specifically denies Plaintiff's allegations as to any alleged fraud or fraudulent transactions. Transactions regarding Plaintiff's account are reflected in the monthly statements provided to Plaintiff, and BANA respectfully refers all questions of fact and law to the Court for ultimate determination.

40.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

7041284v.1

43.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

44.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint.

45.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint.

47.     BANA is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 47 of the Complaint except admits solely that BANA reported Plaintiff to Chex Systems. The Court is respectively referred to the subject report as to the contents thereof.

48.     BANA is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 48 of the Complaint except admits solely that BANA reported Plaintiff to Early Warning Services.

### III.     Plaintiff's ChexSystems Dispute

49.     The allegations contained in paragraph 49 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

50.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint.

8

51.     The allegations contained in paragraph 51 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint.

52.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

53.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint.

## IV.     BOFA's Failure to Properly Investigate

54.     BANA denies the allegations of this paragraph 54.

55.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint, and further states that BANA's investigation of the claim was proper and that BANA properly denied Plaintiff's claim.

56.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint, and further states that BANA's investigation of the claim was proper and that BANA properly denied Plaintiff's claim.

57.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint, and further states that BANA's investigation of the claim was proper and that BANA properly denied Plaintiff's claim.

58.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint, and further states that BANA's investigation of the claim was proper and that BANA properly denied Plaintiff's claim.

7041284v.1

59.     BANA denies the allegations contained in paragraph 59 of the Complaint, and BANA further denies any improper action or practices.

60.     BANA denies the allegations contained in paragraph 60 of the Complaint, except admits solely that Plaintiff's counsel herein had filed a previous action against BANA and that any such previous action is irrelevant as a matter of law to the within action.

61.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint.

62.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint.

63.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint.

64.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint.

65.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.

66.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint.

67.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint.

68.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint.

7041284v.1

*V.*   ***ChexSystem's FCRA and NY FCRA Violations***

69.     The allegations contained in paragraph 69 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint.

70.     The allegations contained in paragraph 70 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

71.     The allegations contained in paragraph 71 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA denies the allegations of this paragraph 71 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

72.     The allegations contained in paragraph 72 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA denies the allegations of this paragraph 72 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

73.     The allegations contained in paragraph 73 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint.

74.     The allegations contained in paragraph 74 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint.

75.     The allegations contained in paragraph 75 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA denies the allegations of this paragraph 75 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

76.     The allegations contained in paragraph 76 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA denies the allegations of this paragraph 76 the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

77.     The allegations contained in paragraph 77 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA denies the allegations of this paragraph 77 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

78.     The allegations contained in paragraph 78 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA denies the allegations of this paragraph 78 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

## VI.   *BOFA's FCRA Violations*

79.    BANA denies the allegations contained in paragraph 79 of the Complaint to the extent said allegations assert or are deemed to assert that BANA acted improperly or wrongfully. BANA admits solely that it reported Plaintiff to Chex Systems and Early Warning Services, and BANA respectfully refers all questions of fact and law to the Court for ultimate determination.

80.    BANA denies the allegations contained in paragraph 80 of the Complaint.

81.    BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint.

82.    BANA denies the allegations contained in paragraph 82 of the Complaint, except admits solely that Plaintiff's counsel herein had filed a previous action against BANA and that any such previous action is irrelevant as a matter of law to the within action

83.    BANA denies the allegations contained in paragraph 83 of the Complaint.

84.    BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint except admits solely that it reported Plaintiff to Early Warning Services and that BANA is a co-owner of Early Warning.

85.    BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint BANA. BANA specifically denies the allegations of this paragraph 85 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination, and BANA admits that it has denied Plaintiff's claims as to the subject transactions.

7041284v.1

## VII.   *Electronic Fund Transfer Act and Regulation E*

86.    The allegations contained in Complaint paragraph 86 recite and purport to recite specific provisions of law and call for a legal conclusion that do not require a response. However, to the extent a response may be required, BANA denies the allegations of this paragraph 86 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

87.    The allegations contained in Complaint paragraph 87 recite and purport to recite specific provisions of law and call for a legal conclusion that do not require a response. However, to the extent a response may be required, BANA denies the allegations of this paragraph 87 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

88.    The allegations contained in Complaint paragraph 88 recite and purport to recite specific provisions of law and call for a legal conclusion that do not require a response. However, to the extent a response may be required, BANA denies the allegations of this paragraph 88 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

89.    The allegations contained in Complaint paragraph 89 recite and purport to recite specific provisions of law and call for a legal conclusion that do not require a response.

However, to the extent a response may be required, BANA denies the allegations of this paragraph 89 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

90.    The allegations contained in Complaint paragraph 90 recite and purport to recite specific provisions of law and call for a legal conclusion that do not require a response. However, to the extent a response may be required, BANA denies the allegations of this paragraph 90 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

91.    The allegations contained in Complaint paragraph 91 recite and purport to recite specific provisions of law and call for a legal conclusion that do not require a response. However, to the extent a response may be required, BANA denies the allegations of this paragraph 91 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

92.    The allegations contained in Complaint paragraph 92 recite and purport to recite specific provisions of law and call for a legal conclusion that do not require a response. However, to the extent a response may be required, BANA denies the allegations of this paragraph 92 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

7041284v.1

**FIRST CLAIM FOR RELIEF**
(Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.*)
(Against Defendant BOFA)

93.     Defendant responds to the allegations contained in paragraph 93 of Plaintiff's Complaint in the same manner and with the same force and effect as Defendant's answers contained in paragraphs 1 through 92, inclusive, hereinabove, the contents of which are incorporated by reference as though fully recited herein.

94.     The allegations contained in Complaint paragraph 94 recite and purport to recite specific provisions of law and call for a legal conclusion that do not require a response. However, to the extent a response may be required, BANA denies the allegations of this paragraph 94 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

95.     BANA denies the allegations contained in paragraph 95 of the Complaint.

96.     BANA denies the allegations contained in paragraph 95(a) of the Complaint.

97.     BANA denies the allegations contained in paragraph 95(b) of the Complaint.

98.     BANA denies the allegations contained in paragraph 95(c) of the Complaint.

99.     BANA denies the allegations contained in paragraph 95(d) of the Complaint.

100.     BANA denies the allegations contained in paragraph 96 of the Complaint.

101.     BANA denies the allegations contained in paragraph 97 of the Complaint.

102.     BANA denies the allegations contained in paragraph 98 of the Complaint.

103.     BANA denies the allegations contained in paragraph 99 of the Complaint.

7041284v.1

## SECOND CLAIM FOR RELIEF
(N.Y. Gen. Bus. Law §349)
(Against Defendant BOFA)

104.    Defendant responds to the allegations contained in paragraph 100 of Plaintiff's

Complaint in the same manner and with the same force and effect as Defendant's answers

contained in paragraph 1 through 103, inclusive, hereinabove, the contents of which are

incorporated by reference as though fully recited herein.

105.    The allegations contained in Complaint paragraph 101 recite and purport to recite

specific provisions of law and call for a legal conclusion that do not require a response.

However, to the extent a response may be required, BANA denies the allegations of this

paragraph 101 to the extent it asserts or is deemed as asserting any unlawful or improper actions

on the part of BANA and BANA refers all questions of fact and law to this Court for

determination.

106.    The allegations contained in Complaint paragraph 102 recite and purport to recite

specific provisions of law and call for a legal conclusion that do not require a response.

However, to the extent a response may be required, BANA denies the allegations of this

paragraph 102 to the extent it asserts or is deemed as asserting any unlawful or improper actions

on the part of BANA and BANA refers all questions of fact and law to this Court for

determination.

107.    BANA denies the allegations contained in paragraph 103 of the Complaint.

108.    BANA denies the allegations contained in paragraph 104 of the Complaint.

109.    BANA denies the allegations contained in paragraph 105 of the Complaint.

17

7041284v.1

110.   BANA denies the allegations contained in paragraph 106 of the Complaint.

111.   BANA denies the allegations contained in paragraph 107 of the Complaint.

112.   BANA denies the allegations contained in paragraph 108 of the Complaint.

**THIRD CLAIM FOR RELIEF**
(Breach of Duty of Good Faith and Fair Dealing)
(Against Defendant BOFA)

113.   BANA responds to the allegations contained in paragraph 109 of Plaintiff's Complaint in the same manner and with the same force and effect as BANA's answers contained in paragraph 1 through 112, inclusive, hereinabove, the contents of which are incorporated by reference as though fully recited herein.

114.   The allegations contained in Complaint paragraph 110 recite and purport to recite specific provisions of law and call for a legal conclusion that do not require a response. However, to the extent a response may be required, BANA denies the allegations of this paragraph 110 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

115.   The allegations contained in Complaint paragraph 111 recite and purport to recite specific provisions of law and call for a legal conclusion that do not require a response. However, to the extent a response may be required, BANA denies the allegations of this paragraph 111 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

116.   The allegations contained in Complaint paragraph 112 recite and purport to recite specific provisions of law and call for a legal conclusion that do not require a response.

18

However, to the extent a response may be required, BANA denies the allegations of this paragraph 112 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

117.    BANA denies the allegations contained in paragraph 113 of the Complaint.

118.    BANA denies the allegations contained in paragraph 114 of the Complaint.

## FOURTH CLAIM FOR RELIEF
(Fair Credit Reporting Act, 15 U.S.C. 1681 et seq.)
(Against Defendant BOFA)

119.    BANA responds to the allegations contained in paragraph 115 of Plaintiff's Complaint in the same manner and with the same force and effect as BANA's answers contained in paragraph 1 through 118, inclusive, hereinabove, the contents of which are incorporated by reference as though fully recited herein.

120.    BANA denies the allegations contained in paragraph 116 of the Complaint.

121.    BANA denies the allegations contained in paragraphs 117 of the Complaint.

122.    BANA denies the allegations contained in paragraphs 117(a) of the Complaint.

123.    BANA denies the allegations contained in paragraphs 117(b) of the Complaint.

124.    BANA denies the allegations contained in paragraphs 117(c) of the Complaint.

125.    BANA denies the allegations contained in paragraph 118 of the Complaint.

## FIFTH CLAIM FOR RELIEF
(Fair Credit Reporting Act, 15 U.S.C 1681 et seq.)
(Against Defendant ChexSystems)

126.    BANA responds to the allegations contained in paragraph 119 of Plaintiff's Complaint in the same manner and with the same force and effect as BANA's answers contained

in paragraph 1 through 125, inclusive, hereinabove, the contents of which are incorporated by reference as though fully recited herein.

127.    The allegations contained in paragraph 120 of the Complaint are not directed at BANA. However, to the extent a response may be required, BANA denies the allegations of this paragraph 120 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

128.    The allegations contained in paragraph 121 of the Complaint are not directed at BANA. However, to the extent a response may be required, BANA denies the allegations of paragraphs 121, 121(a), 121(b), 121(c), 121(d), 121(e) and 121(f) to the extent said paragraphs assert or are deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

129.    The allegations contained in paragraph 122 of the Complaint are not directed at BANA. However, to the extent a response may be required, BANA denies the allegations of this paragraph 122 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

## SIXTH CLAIM FOR RELIEF
(New York Fair Credit Reporting Act, N.Y. Gen. Bus. Law 380-j and 380-k)
(Against Defendant ChexSystems)

130.    BANA responds to the allegations contained in paragraph 123 of Plaintiff's Complaint in the same manner and with the same force and effect as BANA's answers contained in paragraph 1 through 129, inclusive, hereinabove, the contents of which are incorporated by reference as though fully recited herein.

20

131.     The allegations contained in paragraph 124 of the Complaint are not directed at BANA. However, to the extent a response may be required, BANA denies the allegations of this paragraph 124 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

132.     The allegations contained in Complaint paragraphs 125, 125(a), 125(b) and 125(c) are not directed at BANA. However, to the extent a response may be required, BANA denies the allegations of paragraphs 125, 125(a), 125(b) and 125(c) to the extent said paragraphs assert or are deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

133.     The allegations contained in paragraph 126 of the Complaint are not directed at BANA. However, to the extent a response may be required, BANA denies the allegations of this paragraph 126 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

**SEVENTH CLAIM FOR RELIEF**
(Defamation)

(Against Defendant ChexSystems)

134.     BANA responds to the allegations contained in paragraph 127 of Plaintiff's Complaint in the same manner and with the same force and effect as BANA's answers contained in paragraph 1 through 133, inclusive, hereinabove, the contents of which are incorporated by reference as though fully recited herein.

135.     The allegations contained in paragraph 128 of the Complaint are not directed at BANA. However, to the extent a response may be required, BANA denies the allegations of this

paragraph 128 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

136.    The allegations contained in paragraph 129 of the Complaint are not directed at BANA. However, to the extent a response may be required, BANA denies the allegations of this paragraph 129 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

137.    The allegations contained in paragraph 130 of the Complaint are not directed at BANA. However, to the extent a response may be required, BANA denies the allegations of this paragraph 130 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

138.    The allegations contained in paragraph 131 of the Complaint are not directed at BANA. However, to the extent a response may be required, BANA denies the allegations of this paragraph 131 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

139.    The allegations contained in paragraph 132 of the Complaint are not directed at BANA. However, to the extent a response may be required, BANA denies the allegations of this paragraph 132 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

140.   The allegations contained in paragraph 133 of the Complaint are not directed at BANA. However, to the extent a response may be required, BANA denies the allegations of this paragraph 133 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

141.   The allegations contained in paragraph 134 of the Complaint are not directed at BANA. However, to the extent a response may be required, BANA denies the allegations of this paragraph 134 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

142.   The allegations contained in paragraph 135 of the Complaint are not directed at BANA. However, to the extent a response may be required, BANA denies the allegations of this paragraph 135 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

## EIGHTH CLAIM FOR RELIEF
### (Defamation)
### (Against Defendant BOFA)

143.   BANA responds to the allegations contained in paragraph 136 of Plaintiff's Complaint in the same manner and with the same force and effect as BANA's answers contained in paragraph 1 through 142, inclusive, hereinabove, the contents of which are incorporated by reference as though fully recited herein.

144.   BANA denies the allegations contained in paragraph 137 of the Complaint.

145.   BANA denies the allegations contained in paragraph 138 of the Complaint.

23

146.   BANA denies the allegations contained in paragraph 139 of the Complaint.

147.   BANA denies the allegations contained in paragraph 140 of the Complaint.

148.   BANA denies the allegations contained in paragraph 141 of the Complaint.

149.   BANA denies the allegations contained in paragraph 142 of the Complaint.

150.   BANA denies the allegations contained in paragraph 143 of the Complaint.

151.   BANA denies the allegations contained in paragraph 144 of the Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

152.   Plaintiff fails to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

153.   Upon information and belief, Plaintiff (i) has not been damaged by reason of any act on the part of the BANA, and (ii) BANA has not breached any legal duty to Plaintiff, but has acted properly in all respects.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

154.   Upon information and belief, all allegedly fraudulent transactions were conducted pursuant to Plaintiff's knowledge.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

155.   Upon information and belief, all allegedly fraudulent transactions were authorized and/or ratified by Plaintiff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

156.   Upon information and belief, the bona fides of a depositor's claim of alleged fraudulent transactions is comprised of many factors including, without limitation, credibility.

24

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

157.    Upon information and belief, BANA's claim investigation and second claim re-evaluation determined that no error had occurred, as the transactions in question were authorized and posted correctly to the account.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

158.    Plaintiff's Complaint is barred by the provisions of the governing Deposit Agreement.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

159.    If the Plaintiff sustained injuries or damages as alleged, which the BANA denies, such injuries or damages were caused by a person or entity whose conduct the BANA did not control and for whom the BANA is not legally responsible.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

160.    Upon information and belief, Plaintiff's action is or may be time barred by Regulation E, 12 CFR 205.6 pursuant to the federal Electronic Funds Transfer Act governing electronic transactions.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

161.    Upon information and belief, this action is barred by Regulation E pursuant to the federal Electronic Funds Transfer Act, governing electronic transactions.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

162.    Upon information and belief, Plaintiff's Complaint is time barred by the provisions of the governing Deposit Agreement.

7041284v.1

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

163.   Upon information and belief, Plaintiff's alleged injuries, if any, were not proximately caused by any action on the part of BANA.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

164.   Upon information and belief, Plaintiff has not suffered any damages as a result of any alleged conduct of BANA.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

165.   Upon information and belief, any damages allegedly sustained by Plaintiff were caused, in whole or in part, by her own action or inaction and/or that of others other than BANA.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

166.   Upon information and belief, any recovery by Plaintiff herein would result in Plaintiff's unjust enrichment.

## AS AND FOR AN SIXTEENTH AFFIRMATIVE DEFENSE

167.   Upon information and belief, Plaintiff's action is barred by the principle of waiver.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

168.   Upon information and belief, Plaintiff's action is barred by the principle of estoppel.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

169.   Upon information and belief, Plaintiff's action is barred by the principle of laches.

7041284v.1

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

170.   Upon information and belief, Plaintiff has not been damaged in the amounts demanded in the Complaint.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

171.   Plaintiff is not entitled to injunctive relief both as a matter of law and/or by reason of the facts of this matter.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

172.   The statements and actions complained of with respect to the claimed damage to reputation are not alleged with the particularity required by CPLR 3016(a).

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

173.   Any statements attributable to BANA as defamatory were made to those who shared a community of interests with them; as such those statements are protected by the qualified common interest privilege. Plaintiff cannot overcome the common interest privilege.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

174.   BANA is entitled to a qualified privilege protecting it from liability from Plaintiff's claims of defamation, libel or slander because (a) the alleged statements/publications were made in good faith; (b) the statements/publications were limited to serve a specific purpose; (c) BANA had a duty or interest in communicating the statement/publication; and (d) BANA communicated it to someone with a corresponding duty or interest.

### AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

175.   Plaintiff fails to state a cause of action for defamation, libel or slander because the alleged statements/publications made by BANA were substantially true, or not otherwise false.

27

<u>AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>

176.    The statements and actions complained of did not injure the reputation of Plaintiff.

<u>AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>

177.    Any statements, verbal or written, by BANA and its employees would constitute opinion and are not actionable.

<u>AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>

178.    BANA acted reasonably, in good faith, with probable cause, without malice or ill will, and without intent to injure or harm plaintiff.

<u>AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u>

179.    The damages incurred by Plaintiff, if any, which damages are specifically denied, are barred and/or limited by her own fault, or the fault of others, and the damages recovered by the plaintiff, if any, should be diminished or reduced in the proportion to which said culpable conduct bears upon the culpable conduct which caused the damages.

<u>AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE</u>

180.    The injuries and damages, if any, allegedly sustained by the plaintiff, which are specifically denied, were caused by plaintiff's sole, contributory or comparative negligence and/or culpable conduct and by plaintiff's failure to make proper observations and exercise reasonable care under the existing circumstances.

<u>AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE</u>

181.    Plaintiff failed to take action to prevent the avoidable consequences of any action or omission of which Plaintiff complains.

7041284v.1

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

182.   BANA states that Plaintiff's claims are barred due to the failure to mitigate, obviate, diminish or otherwise to lessen or reduce the injuries and damages alleged in the Complaint, including, but not limited to, the Plaintiff failed to report the incident to the Police and also failed to report the unauthorized transactions immediately to BANA, despite plaintiff's knowledge and notice of same.

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

183.   Plaintiff is not entitled to damages including but not limited to treble and/or punitive damages as a matter of law pursuant to the Fair Credit Reporting Act or otherwise since BANA's conduct was not willful and as a consequence did not rise to the level of moral culpable conduct that would support such a claim.

## AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

184.   Answering defendant is entitled to a set-off or credit in the amount of any settlement or compromise heretofore or hereafter reached by Plaintiff and any of the other defendants or any other person or entity for any of the damages alleged.  Moreover, pursuant to the provisions of section 15-108 of the General Obligations Law, the answering defendant is entitled to a reduction of any adverse judgment by either the total settlement amount paid by any other tortfeasors or in the amount of the released tortfeasors' equitable share of the damages, whichever is the greatest.

## AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

185.   In the event the court were to find a violation, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. § 1693m(c).

29

7041284v.1

## AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

186.    Deposit of an image of a check remotely using a mobile device which transmits the image to the bank using a mobile app, upon information and belief, is <u>not</u> governed by the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA") or the implementing regulations 12 C.F.R. 205 et seq. commonly known as Regulation E.  *See* Benjamin Geva, 1-6 The Law of Electronic Funds Transfers § 6.04 (2017) (Matthew Bender). In addition, upon information and belief, the EFTA and Regulation E expressly exclude checks from the definition of an electronic fund transfer and also exclude checks from its coverage.  See 15 U.S.C. § 1693a - Definitions (sub paragraph 7), "the term 'electronic fund transfer' means any transfer of funds, <u>other than a transaction originated by check</u>, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account ...."  See also, 12 CFR § 205.3(c) which excludes "checks" from coverage and states that "[t]he term electronic fund transfer does not include (1) Checks. Any transfer of funds originated by check, draft, or similar paper instrument; or any payment made by check, draft, or similar paper instrument at an electronic terminal."  In this case, images of the subject forged checks were deposited remotely into Plaintiff's account at BANA using a mobile device to create an image of the forged checks and to transmit the images to the bank using a mobile app and, thus, are not governed by EFTA or Regulation E. Consequently, plaintiff does not have a cognizable cause of action under the EFTA or Regulation E.

## AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

187.    Upon information and belief, this matter does not otherwise fall under the EFTA or Regulation E for a disputed transaction of an "error" as defined under 15 U.S.C. § 1693f (sub

paragraph (f)(1) as an unauthorized electronic fund transfer .... An "unauthorized electronic fund transfer" is defined at 15 U.S.C. § 1693a(12) and means "an electronic fund transfer <u>from</u> a consumer's account…" and does not include deposits to a consumers account.

188.    Nor does plaintiff claim any other error as defined 15 U.S.C. § 1693f (sub paragraph (f)(2) for an incorrect electronic fund transfer from or to the consumer's account, since Plaintiff admits that she was not entitled to credit for the forged checks deposited in her account, so there was no error in the bank's failure to give her credit. Nor does plaintiff claim any other errors defined therein such as (3) omission from a periodic statements of an electronic fund transfer affecting the consumer's account which should have been included, or (4) a computational error by the financial institution, or (5) the consumer's receipt of an incorrect amount of money from an electronic terminal, etc…. Plaintiff is not claiming any "error" that would require an investigation under the EFTA or Regulation E.

189.    Also, an "unauthorized electronic fund transfer" defined at 15 U.S.C. § 1693a(12) does not include any electronic fund transfer initiated with fraudulent intent by the consumer or any person acting in concert with the consumer.

[the remainder of the page is intentionally left blank]

31

7041284v.1

**WHEREFORE**, Defendant Bank of America, N.A. demands judgment dismissing the Complaint of the Plaintiff, together with the costs and disbursements of this action, and granting BANA judgment together with such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
      May 31, 2018

                          **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By:    */s/ Aaron Weissberg*
          Aaron Weissberg
          1133 Westchester Ave.
          White Plains, NY 10604
          *Attorneys for Bank of America, N.A.*
          Tel.: (914) 872-7189
          Fax: (914) 323-7001
          Email: aaron.weissberg@wilsonelser.com
          File No. 19257.00093

TO:

      Brian L. Bromberg
      Bromberg Law Office, P.C.
      26 Broadway, 21st Floor
      New York, NY 10004

      Eve Weissman
      New Economy Project
      121 West 27th Street, #804
      New York, NY 10001

      *Attorneys for Plaintiff*

      John A. Wait
      Fox, Rothschild Law Firm
      100 Park Avenue, Suite 1500
      New York, NY 10017

      *Attorneys for Defendant Chex Systems, Inc.*

32