Aaron Weissberg, Esq.
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
1133 Westchester Avenue
White Plains, NY 10604-3407
Tel: (914) 872-7189
Email: aaron.weissberg@wilsonelser.com

Attorneys for Defendant
BANK OF AMERICA, N.A.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
                                                              :
ADIAHA A. RUANE,
                                                              :   Civil Action No.: 17-CV-3704 (PKC) (PK)
                           Plaintiff(s),
                                                              :   CIVIL ACTION
           -against-
                                                              :   **BANK OF AMERICA, N.A.'S**
BANK OF AMERICA, N.A., CHEX SYSTEMS, INC.,                        **ANSWER AND AFFIRMATIVE**
and EARLY WARNING SERVICES, LLC,                              :   **DEFENSES TO PLAINTIFF'S**
                                                                 **AMENDED COMPLAINT**
                           Defendants.                        :
----------------------------------------------------------------------x

Defendant, BANK OF AMERICA, N.A. (hereinafter "BANA" or "Defendant"), by its

attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, as and for its Answer to the

Amended Complaint by the plaintiff, Adiaha A. Ruane, (hereinafter "Complaint"), alleges upon

information and belief, as follows:

## PRELIMINARY STATEMENT

1.       BANA states that the allegations contained in paragraph 1 of the Complaint call

for conclusions of law to which no response is required.  However, to the extent a response is

required, BANA admits solely that it is a national bank.

1

2.      BANA denies the allegations contained in paragraph 2 of the Complaint and specifically further denies any improper acts or conduct, and further denies that it acted improperly or lawfully in any respect.

3.      The allegations contained in paragraph 3 of the Complaint are not directed at BANA. However to the extent a response is required, BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and therefore denies them.

4.      The allegations contained in paragraph 4 of the Complaint are not directed at BANA. However to the extent a response is required, BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore denies them.

5.      BANA admits solely that plaintiff purports to seek alleged damages, alleged injunctive relief, alleged reasonable costs and alleged attorney's fees in the allegation contained in paragraph 5 of the Complaint, but otherwise denies that plaintiff has a factual, legal or equitable basis to recover any damages.

### JURISDICTION AND VENUE

6.      Defendant states that the allegations in paragraph 6 of the Complaint call for a legal conclusion and therefore no answer is required and, accordingly, all such allegations are denied.

7.      Defendant states that the allegations in paragraph 7 of the Complaint call for a legal conclusion and therefore no answer is required and, accordingly, all such allegations are denied.

### PARTIES

2

7127868v.1

8.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and therefore denies them.

9.     BANA states that the allegations in paragraph 9 of the Complaint call for a legal conclusion and therefore no answer is required and, accordingly, all such allegations are denied.

10.     BANA admits the allegations contained in paragraph 10 of the Complaint and further states that it is a federally chartered national bank with a principal office in Charlotte N.C., and is duly authorized to conduct business in New York State including without limitation New York City. The remaining allegations in paragraph 10 of the Complaint do not require any response and all questions of fact are respectfully referred to this Court for determination and furthermore the Court is referred to all public financial records of BANA.

11.     BANA admits the allegations in paragraph 11 of the Complaint.

12.     The allegations contained in paragraph 12 of the Complaint are not directed at BANA. However to the extent a response is required, BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore denies them.

13.     The allegations contained in paragraph 13 of the Complaint are not directed at BANA. However to the extent a response is required, BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore denies them.

14.     The allegations contained in paragraph 14 of the Complaint are not directed at BANA. However to the extent a response is required, BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and therefore denies them.

7127868v.1

15.     The allegations contained in paragraph 15 of the Complaint are not directed at BANA. However to the extent a response is required, BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore denies them.

16.     The allegations contained in paragraph 16 of the Complaint are not directed at BANA. However to the extent a response is required, BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and therefore denies them.

17.     The allegations contained in paragraph 17 of the Complaint are not directed at BANA. However to the extent a response is required, BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and therefore denies them.

18.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and therefore denies them, except admits solely that BANA holds a partial ownership interest in EWS.

### FACTUAL ALLEGATIONS

*I.*     ***Plaintiff's  Dispute of Transactions on Her BANA Account***

19.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and therefore denies them.

20.     BANA denies the allegations contained in paragraph 20 of the Complaint, except admits solely that BANA closed Plaintiff's account and properly filed a report with consumer reporting agencies regarding plaintiff's account by reason of certain fraudulent transactions on said account.

7127868v.1

21.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and therefore denies them.

22.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and therefore denies them.

23.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and therefore denies them, except admits solely that Plaintiff had certain account(s) at BANA.

24.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and therefore denies them.

25.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and therefore denies them.

26.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and therefore denies them.

27.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and therefore denies them, and BANA respectfully refers all questions of fact and law to the Court for ultimate determination, but BANA denies that plaintiff reported the allegedly "mistaken" transactions to BANA on September 28, 2016.

28.     BANA denied the allegations contained in paragraph 28 of the Complaint, except admits solely that fraudulent checks in the amounts of $989, $975, $958, $969 and $947.97 were deposit into the account maintained by Plaintiff at BANA on September 27, 2017, via online banking.

7127868v.1

29.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and therefore denies them, and BANA respectfully refers all questions of fact and law to the Court for ultimate determination.

30.     BANA denies the allegations contained in paragraph 30 of the Complaint, except solely admits that BANA suffered no monetary loss due to the subject deposits.

31.     BANA denies the allegations contained in paragraph 31 of the Complaint, except admits solely that certain communications regarding only certain topics ensued between plaintiff and BANA.

32.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and therefore denies them, and BANA respectfully refers all questions of fact and law to the Court for ultimate determination, except admits solely that BANA had reasonably concluded that plaintiff was involved with the subject deposits.

33.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and therefore denies them, and BANA respectfully refers all questions of fact and law to the Court for ultimate determination.

34.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and therefore denies them, and BANA respectfully refers all questions of fact and law to the Court for ultimate determination.

7127868v.1

35.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and therefore denies them, and BANA respectfully refers all questions of fact and law to the Court for ultimate determination.

36.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and therefore denies them, and BANA respectfully refers all questions of fact and law to the Court for ultimate determination.

37.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and therefore denies them, and BANA respectfully refers all questions of fact and law to the Court for ultimate determination.

38.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and therefore denies them, and BANA respectfully refers all questions of fact and law to the Court for ultimate determination, except admits solely that certain communications ensued between plaintiff and BANA.

39.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and therefore denies them, and BANA respectfully refers all questions of fact and law to the Court for ultimate determination.

II.     *BANA's Written Responses to Plaintiff's Dispute*

7127868v.1

40.     BANA denies the allegations contained in paragraph 40 of the Complaint, except admits solely that BANA sent certain letters to Plaintiff dated September 29, 2016.

41.     BANA denies the allegations contained in paragraph 41 of the Complaint as stated, and further states that it sent five (5) separate notification letters to plaintiff's address of record on file with BANA all dated September 29, 2016, and the Court is respectfully referred to the text of the subject letters thereof.

42.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and therefore denies them, but admits solely that it sent a letter dated September 29, 2016 to Plaintiff and the Court is respectively referred to the subject letter as to the contents thereof, and that various fees were properly charged to Plaintiff's account in accordance with the applicable governing Deposit Agreement and Fee Schedule (hereinafter, "Deposit Agreement") in effect between BANA and Plaintiff.

43.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and therefore denies them, but admits solely that it sent a letter dated September 29, 2016, to Plaintiff and the Court is respectively referred to the subject letter as to the contents thereof.

44.     BANA denies the allegations contained in paragraph 44 of the Complaint and further states that the letters advised plaintiff as to the basis of the closure.

45.     BANA admits the allegations contained in paragraph 45 of the Complaint upon information and belief.

46.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and therefore denies them.

7127868v.1

47.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and therefore denies them.

48.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and therefore denies them.

49.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and therefore denies them. Transactions regarding Plaintiff's account are reflected in the monthly statements provided to Plaintiff and BANA respectfully refers all questions of fact and law to the Court for ultimate determination.

50.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and therefore denies them, but admits solely that $912.33 was withdrawn from the subject account on October 3, 2016. Transactions regarding Plaintiff's account are reflected in the monthly statements provided to Plaintiff, and BANA respectfully refers all questions of fact and law to the Court for ultimate determination.

51.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and therefore denies them, but admits solely that various fees were properly charged to Plaintiff's account in accordance with the applicable governing Deposit Agreement and fee schedule, and Plaintiff and the Court is respectively referred to the monthly statement for the period of September 15, 2016 to October 13, 2016, as to the contents thereof.  BANA further specifically denies Plaintiff's allegations as to any alleged fraud or fraudulent transactions. Transactions regarding Plaintiff's account are

7127868v.1

reflected in the monthly statements provided to Plaintiff, and BANA respectfully refers all questions of fact and law to the Court for ultimate determination.

52.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and therefore denies them, except admits solely that BANA reported plaintiff to credit reporting agencies, i.e., Chex Systems and EWS.

### III.    *Impact on Plaintiff's Life*

53.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint and therefore denies them.

54.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint and therefore denies them.

55.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and therefore denies them.

56.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint and therefore denies them.

57.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint and therefore denies them.

58.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint and therefore denies them.

59.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint and therefore denies them.

60.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint and therefore denies them.

61.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint and therefore denies them.

62.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint and therefore denies them.

63.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint and therefore denies them.

64.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint and therefore denies them.  In addition, to the extent paragraph 64 of the Complaint asserts or is deemed to assert wrongful or improper conduct on the part of BANA, BANA denies said allegations.

65.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint and therefore denies them.

66.     BANA is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 66 of the Complaint and therefore denies them, except admits solely that BANA made a report to Chex Systems regarding plaintiff's account. The Court is respectfully referred to the subject report as to the contents thereof.

67.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint and therefore denies them.

68.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint and therefore denies them.

69.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint and therefore denies them.

7127868v.1

70.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint and therefore denies them.

71.     BANA is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 71 of the Complaint and therefore denies them, except admits solely that BANA made a report to Early Warning Services regarding plaintiff's account. The Court is respectfully referred to the subject report as to the contents thereof.

72.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint and therefore denies them.

73.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint and therefore denies them.

74.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint and therefore denies them.

75.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint and therefore denies them.

76.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint and therefore denies them.

*IV.*     ***Plaintiff's ChexSystems and EWS Disputes***

77.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint and therefore denies them.

78.     BANA solely admits that it was copied on a letter from plaintiff to Chex Systems dated March 2, 2017, containing the quoted purported language alleged in paragraph 78 of the Complaint, and otherwise denies any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

79.     The allegations contained in paragraph 79 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint and therefore denies them.

80.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint and therefore denies them.

81.     BANA denies the allegations contained in paragraph 81 of the Complaint.

82.     BANA denies the allegations contained in paragraph 82 of the Complaint.

83.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint and therefore denies them.

84.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint and therefore denies them.

85.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint and therefore denies them.

86.     BANA denies the allegations contained in paragraph 86 of the Complaint, except admits solely that BANA confirmed its investigation conclusions and confirmed the accurancy of its report to consumer reporting agencies.

87.     BANA solely admits that its counsel was copied on a letter from plaintiff dated March 19, 2018, containing the quoted purported language alleged in paragraph 87 of the Complaint, and otherwise denies any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

88.     BANA admits the allegations contained in paragraph 88 of the Complaint and refer the court to the document for the complete contents thereof.

7127868v.1

89.     The allegations contained in paragraph 89 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint and therefore denies them.

90.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint and therefore denies them.

V.      *BANA's Failure to Properly Investigate, and Lack of a Reasonable Basis to Hold Plaintiff Responsible for the September 2016 deposits and Report Her for Fraud*

91.     BANA denies the allegations contained in paragraph 91 of the Complaint, except admits solely that BANA properly filed reports as to plaintiff with the consumer reporting agencies, i.e., Chex Systems and EWS based on its reasonable conclusion that plaintiff was involved with the subject transactions.

92.     BANA denies the allegations contained in paragraph 92 of the Complaint and further states that BANA's investigation was proper and that BANA properly denied Plaintiff's claim.

93.     BANA denies the allegations contained in paragraph 93 of the Complaint.

94.     BANA denies the allegations contained in paragraph 94 of the Complaint, and further states that BANA's investigation was proper and that BANA properly denied Plaintiff's claim based upon BANA's reasonable conclusion that plaintiff was involved with the subject transactions and that such reasonable conclusion is all that is required by law.

95.     BANA denies the allegations contained in paragraph 95 of the Complaint, and further states that BANA's investigation was proper and that BANA properly denied Plaintiff's claim based upon BANA's reasonable conclusion that plaintiff was involved with the subject transactions and that such reasonable conclusion is all that is required by law.

14

96.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Complaint and therefore denies them, and further states that BANA's investigation was proper and that BANA properly denied Plaintiff's claim on a basis that did not involve plaintiff's endorsement but rather the determined counterfeit nature of the checks in question.

97.     BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Complaint and therefore denies them, and further states that BANA's investigation was proper and that BANA properly denied Plaintiff's claim on a basis that did not involve plaintiff's deposit of prior checks from the purported makers but rather the determined counterfeit nature of the checks in question.

98.     BANA denies allegations contained in paragraph 98 of the Complaint.

99.     BANA denies the allegations contained in paragraph 99 of the Complaint, except admits solely that Plaintiff's counsel herein had filed a previous action against BANA and that any such previous action is irrelevant as a matter of law to the within action or to BANA's investigation as to plaintiff.

100.    BANA denies the allegations contained in paragraph 100 of the Complaint, and further states that BANA's investigation was proper and that BANA properly denied Plaintiff's claim based upon BANA's reasonable conclusion that plaintiff was involved with the subject transactions and that such reasonable conclusion is all that is required by law.

101.    BANA denies the allegations contained in paragraph 101 of the Complaint, and further states that BANA's investigation was proper and that BANA properly denied Plaintiff's claim based upon BANA's reasonable conclusion that plaintiff was involved with the subject transactions and that such reasonable conclusion is all that is required by law.

7127868v.1

102.   BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint and therefore denies them, except admits solely that BANA had possession of certain information as part of it investigation and conclusion.

103.   BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint and therefore denies them, except admits solely that BANA had possession of certain information as part of it investigation and conclusion.

104.   BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint and therefore denies them, except admits solely that BANA had possession of certain information as part of it investigation and conclusion.

105.   BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint and therefore denies them, and further states that BANA's investigation was proper and that BANA properly denied Plaintiff's claim.

106.   BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Complaint and therefore denies them.

107.   BANA admits the allegations contained in paragraph 107 of the Complaint, and further states that BANA has possession of certain information as part of its investigation and conclusion.

108.   BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Complaint and therefore denies them,

16

7127868v.1

and further states that BANA has possession of certain information as part of its investigation and conclusions.

109.   BANA denies the allegations contained in paragraph 109 of the Complaint.

110.   BANA denies allegations contained in paragraph 110 of the Complaint.

111.   BANA denies the allegations contained in paragraph 111 of the Complaint.

112.   BANA denies the allegations contained in paragraph 112 of the Complaint and further states that BANA reasonably concluded that plaintiff was involved in the subject transactions.

113.   BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of the Complaint and therefore denies them.

114.   Admits the allegation contained in paragraph 114 of the Complaint.

115.   BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 of the Complaint and therefore denies them, and the court is referred to the account statements and BANA's records as to the balances in plaintiff's account at the time of the deposits.

116.   BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of the Complaint and therefore denies them and the court is referred to the account statements and BANA's records as to the balances in plaintiff's account at the time of the deposits.

117.   BANA denies the allegations contained in paragraph 117 of the Complaint and further states that BANA's investigation was proper and that BANA properly denied Plaintiff's claim.

7127868v.1

118.    BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of the Complaint and therefore denies them, and further states that BANA's investigation was proper and that BANA properly denied Plaintiff's claim.

119.    BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of the Complaint and therefore denies them, and further states that BANA's investigation was proper and that BANA properly denied Plaintiff's claim.

120.    BANA denies the allegations contained in paragraph 120 of the Complaint.

121.    BANA denies the allegations contained in paragraph 121 of the Complaint and further states that any such actions involving Wells Fargo and the opening of accounts are irrelevant as a matter of law and that BANA's investigation was proper and that BANA properly denied Plaintiff's claim.

122.    BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122 of the Complaint and therefore denies them, and further states that data breaches of retailers are irrelevant as a matter of law and that BANA's investigation was proper and that BANA properly denied Plaintiff's claim.

123.    BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123 of the Complaint and therefore denies them, and further states that any such actions involving Wells Fargo are irrelevant as a matter of law and that BANA's investigation was proper and that BANA properly denied Plaintiff's claim.

124.    BANA denies the allegations contained in paragraph 124 of the Complaint.

125.    BANA denies the allegations contained in paragraph 125 of the Complaint.

7127868v.1

126.    BANA denies the allegations contained in paragraph 126 of the Complaint except BANA admits solely that it made a report to Chex Systems and Early Warning Services regarding Plaintiff's account, and further states that BANA's investigation was proper and that BANA properly denied Plaintiff's claim.

127.    BANA denies the allegations contained in paragraph 127 of the Complaint, except admits solely that it confirmed the conclusion of its investigation and refers the court to the text of the actual communication for the contents thereof, including any mischaracterizations of those comments by plaintiff.

128.    BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of the Complaint and therefore denies them, except admits solely that it confirmed the conclusion of its investigation and refers the court to the text of the actual communication for the contents thereof, including any mischaracterizations of those comments by plaintiff.

129.    BANA denies the allegations contained in paragraph 129 of the Complaint as stated.  BANA further objects to allegations regarding counsel's comments as improper and not relevant as a matter of law and not proper allegations for a pleading. BANA's counsel indicated that it remains to be seen meaning that it is an issue for discovery and is an ultimate issue of fact for trial regarding plaintiff's involvement or knowledge of the fraudulent check deposits into her account and plaintiff's counsel also stated that he himself did not know at that moment all the aspects of the review, and was not talking about BANA' information, knowledge or belief or the basis for same.

130.    BANA denies the allegations contained in paragraph 130 of the Complaint and further states that BANA's investigation was proper, that BANA had a good-faith and reasonable

basis for its reporting relating to Plaintiff's account and that BANA properly denied Plaintiff's claim, and further denies that its conclusion was improper.

131.   BANA denies the allegations contained in paragraph 131 of the Complaint as they relate to plaintiff, but admits said allegations as they relate to BANA.

132.   BANA denies the allegations contained in paragraph 132 of the Complaint.

133.   BANA denies the allegations contained in paragraph 133 of the Complaint.

134.   BANA denies the allegations contained in paragraph 134 of the Complaint, except admits solely that the purpose of a report to Chex Systems is to share information regarding fraudulent activity in an account.

135.   BANA denies the allegations contained in paragraph 135 of the Complaint, except admits solely that the purpose of a report to Chex Systems is to share information regarding fraudulent activity in an account.

136.   BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136 of the Complaint and therefore denies them.

137.   BANA denies the allegations contained in paragraph 137 of the Complaint.

138.   BANA denies the allegations contained in paragraph 138 of the Complaint except admits solely that the purpose of a report to EWS is to share information regarding fraudulent activity in an account.

139.   BANA denies the allegations contained in paragraph 139 of the Complaint, except admits solely that the purpose of a report to EWS is to share information regarding fraudulent activity in an account.

140.   BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140 of the Complaint and therefore denies them.

7127868v.1

141.    BANA denies the allegations contained in paragraph 141 of the Complaint.

142.    BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 142 of the Complaint and therefore denies them.

143.    BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 143 of the Complaint and therefore denies them.

144.    BANA admits the allegations contained in paragraph 144 of the Complaint.

## VI.    *ChexSystems' FCRA, NY FCRA, and CCCRAA Violations*

145.    The allegations contained in paragraph 145 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 145 of the Complaint and therefore denies them, and BANA refers all questions of fact and law to this Court for determination

146.    The allegations contained in paragraph 146 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146 of the Complaint and therefore denies them, and BANA refers all questions of fact and law to this Court for determination

147.    The allegations contained in paragraph 147 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA denies the allegations of paragraph 147 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

148.    The allegations contained in paragraph 148 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA denies the allegations of paragraph

148 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

149.    The allegations contained in paragraph 149 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 149 of the Complaint and therefore denies them, and BANA refers all questions of fact and law to this Court for determination.

150.    The allegations contained in paragraph 150 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 150 of the Complaint and therefore denies them, and BANA refers all questions of fact and law to this Court for determination.

151.    The allegations contained in paragraph 151 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA denies the allegations of paragraph 151 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

152.    The allegations contained in paragraph 152 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 152 of the Complaint and therefore denies them, and BANA refers all questions of fact and law to this Court for determination.

153.    The allegations contained in paragraph 153 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA denies the allegations of paragraph

153 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

154.    The allegations contained in paragraph 154 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA denies the allegations of paragraph 154 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

155.    The allegations contained in paragraph 155 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA denies the allegations of paragraph 155 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

156.    The allegations contained in paragraph 156 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA denies the allegations of paragraph 156 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

157.    The allegations contained in paragraph 157 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA denies the allegations of paragraph 157 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

158.    The allegations contained in paragraph 158 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA denies the allegations of paragraph 158 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

7127868v.1

159. The allegations contained in paragraph 159 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA denies the allegations of paragraph 159 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

160. The allegations contained in paragraph 160 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA denies the allegations of paragraph 160 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

161. The allegations contained in paragraph 161 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA denies the allegations of paragraph 161 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

162. The allegations contained in paragraph 162 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA denies the allegations of paragraph 162 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

*VII.*  *EWS's FCRA, NY FCRA, and CCCRAA violations*

163. The allegations contained in paragraph 163 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA denies the allegations of paragraph 163 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

164. The allegations contained in paragraph 164 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA denies the allegations of paragraph

164 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

165.    The allegations contained in paragraph 165 of the Complaint are not addressed to BANA.  However to the extent a response is required, BANA denies the allegations of paragraph 165 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

166.    The allegations contained in paragraph 166 of the Complaint are not addressed to BANA.  However to the extent a response is required, BANA denies the allegations of paragraph 166 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

167.    The allegations contained in paragraph 167 of the Complaint are not addressed to BANA.  However to the extent a response is required, BANA denies the allegations of paragraph 167 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

168.    The allegations contained in paragraph 168 of the Complaint are not addressed to BANA.  However to the extent a response is required, BANA denies the allegations of paragraph 168 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

169.    The allegations contained in paragraph 169 of the Complaint are not addressed to BANA.  However to the extent a response is required, BANA denies the allegations of paragraph 169 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

7127868v.1

170.    The allegations contained in paragraph 170 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA denies the allegations of paragraph 170 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

171.    The allegations contained in paragraph 171 of the Complaint are not addressed to BANA. However to the extent a response is required, BANA denies the allegations of paragraph 171 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

## FIRST CLAIM FOR RELIEF
(Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.*)

(Against Defendant BANA)

172.    Defendant responds to the allegations contained in paragraph 172 of Plaintiff's Complaint in the same manner and with the same force and effect as Defendant's answers contained in paragraphs 1 through 171, inclusive, hereinabove, the contents of which are incorporated by reference as though fully recited herein.

173.    The allegations contained in paragraph 173 of the Complaint recite and purport to recite specific provisions of law and call for a legal conclusion that do not require a response. However, to the extent a response may be required, BANA denies the allegations of paragraph 173 and refers all questions of fact and law to this Court for determination.

174.    BANA denies the allegations of the Complaint contained in paragraphs 174, 174(a), 174(b), 174(c), 174(d) and 174(e).

175.    BANA denies the allegations contained in paragraph 175 of the Complaint.

176.    BANA denies the allegations contained in paragraph 176 of the Complaint.

26

177.     BANA denies the allegations contained in paragraph 177 of the Complaint.

178.     BANA denies the allegations contained in paragraph 178 of the Complaint.

### SECOND CLAIM FOR RELIEF
(N.Y. Gen. Bus. Law §349)

(Against Defendant BANA)

179.     Defendant responds to the allegations contained in paragraph 179 of Plaintiff's Complaint in the same manner and with the same force and effect as Defendant's answers contained in paragraph 1 through 178, inclusive, hereinabove, the contents of which are incorporated by reference as though fully recited herein.

180.     The allegations contained in paragraph 180 of the Complaint recite and purport to recite specific provisions of law and call for a legal conclusion that do not require a response. However, to the extent a response may be required, BANA denies the allegations of paragraph 180 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

181.     The allegations contained in paragraph 181 of the Complaint recite and purport to recite specific provisions of law and call for a legal conclusion that do not require a response. However, to the extent a response may be required, BANA denies the allegations of paragraph 181 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

182.     BANA denies the allegations contained in paragraph 182 of the Complaint.

183.     BANA denies the allegations contained in paragraph 183 of the Complaint.

184.     BANA denies the allegations contained in paragraph 184 of the Complaint.

185.     BANA denies the allegations contained in paragraph 185 of the Complaint.

186.     BANA denies the allegations contained in paragraph 186 of the Complaint.

7127868v.1

187.    BANA denies the allegations contained in paragraph 187 of the Complaint.

188.    BANA denies the allegations contained in paragraph 188 of the Complaint.

**THIRD CLAIM FOR RELIEF**
(California Business and Professions Code § 17200 *et seq.*)
(Against Defendant BANA)

189.    Defendant responds to the allegations contained in paragraph 189 of Plaintiff's Complaint in the same manner and with the same force and effect as Defendant's answers contained in paragraph 1 through 188, inclusive, hereinabove, the contents of which are incorporated by reference as though fully recited herein.

190.    The allegations contained in paragraph 190 of the Complaint recite and purport to recite specific provisions of law and call for a legal conclusion that do not require a response. However, to the extent a response may be required, BANA denies the allegations of paragraph 190 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

191.    BANA denies the allegations contained in paragraph 191 of the Complaint.

192.    BANA denies the allegations contained in paragraph 192 of the Complaint except admits solely that it made a report to Chex Systems and Early Warning Services regarding Plaintiff's account, and the Court is respectfully referred to the subject report as to the contents thereof, refers all questions of fact and law to this Court for determination, and further states that BANA's investigation was proper and that BANA properly denied Plaintiff's claim.

193.    BANA denies the allegations contained in paragraph 193 of the Complaint.

194.    BANA denies the allegations contained in paragraph 194 of the Complaint.

195.    BANA denies the allegations contained in paragraph 195 of the Complaint.

196.    BANA denies the allegations contained in paragraph 196 of the Complaint.

197.    BANA denies the allegations contained in paragraph 197 of the Complaint.

198.    BANA denies the allegations contained in paragraph 198 of the Complaint.

199.    BANA admits solely that plaintiff purports to seek an order, alleged injunctive relief, and restitution to Plaintiff, in the allegation contained in paragraph 199 of the Complaint, but otherwise denies that plaintiff has a factual, legal or equitable basis for said relief or to recover these items. In addition, the allegations contained in paragraph 199 of the Complaint recite and purport to recite specific provisions of law and call for a legal conclusion that do not require a response. However, to the extent a response may be required, BANA denies the allegations of paragraph 199 and refers all questions of fact and law to this Court for determination.

200.    BANA admits solely that plaintiff purports to seek recovery of alleged reasonable attorney's fees, costs and expenses in the allegation contained in paragraph 200 of the Complaint, but otherwise denies that plaintiff has a factual, legal or equitable basis to recover these items. In addition, the allegations contained in paragraph 200 of the Complaint recite and purport to recite specific provisions of law and call for a legal conclusion that do not require a response. However, to the extent a response may be required, BANA denies the allegations of paragraph 200 and refers all questions of fact and law to this Court for determination.

**<ins>FOURTH CLAIM FOR RELIEF</ins>**
Breach of Duty of Good Faith and Fair Dealing under New York Uniform Commercial Code §§ 1-203 and 4-103 and California Commercial Code §§ 1304 and 4103)
(Against Defendant BANA)

201.    BANA responds to the allegations contained in paragraph 201 of Plaintiff's Complaint in the same manner and with the same force and effect as BANA's answers contained

in paragraph 1 through 200, inclusive, hereinabove, the contents of which are incorporated by reference as though fully recited herein.

202.    The allegations contained in paragraph 202 of the Complaint recite and purport to recite specific provisions of law and call for a legal conclusion that do not require a response. However, to the extent a response may be required, BANA denies the allegations of paragraph 202 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

203.    The allegations contained in paragraph 203 of the Complaint recite and purport to recite specific provisions of law and call for a legal conclusion that do not require a response. However, to the extent a response may be required, BANA denies the allegations of paragraph 203 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

204.    The allegations contained in paragraph 204 of the Complaint recite and purport to recite specific provisions of law and call for a legal conclusion that do not require a response. However, to the extent a response may be required, BANA denies the allegations of paragraph 204 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

205.    The allegations contained in paragraph 205 of the Complaint recite and purport to recite specific provisions of law and call for a legal conclusion that do not require a response. However, to the extent a response may be required, BANA denies the allegations of paragraph 205 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

206.    BANA denies the allegations contained in paragraph 206 of the Complaint.

207.    BANA denies the allegations contained in paragraph 207 of the Complaint.

## FIFTH CLAIM FOR RELIEF
(Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq.)*

(Against Defendant BANA)

208.    BANA responds to the allegations contained in paragraph 208 of Plaintiff's Complaint in the same manner and with the same force and effect as BANA's answers contained in paragraph 1 through 207, inclusive, hereinabove, the contents of which are incorporated by reference as though fully recited herein.

209.    BANA denies the allegations contained in paragraph 209 of the Complaint.

210.    BANA denies the allegations contained in paragraphs 210, 210(a), 210(b), and 210(c) of the Complaint.

211.    BANA denies the allegations contained in paragraph 211 of the Complaint.

## SIXTH CLAIM FOR RELIEF
(Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq.)*

(Against Defendants ChexSystems and EWS)

212.    BANA responds to the allegations contained in paragraph 212 of Plaintiff's Complaint in the same manner and with the same force and effect as BANA's answers contained in paragraph 1 through 211, inclusive, hereinabove, the contents of which are incorporated by reference as though fully recited herein.

213.    The allegations contained in paragraph 213 of the Complaint are not directed at BANA. However, to the extent a response may be required, BANA denies the allegations of paragraph 213 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

7127868v.1

214.    The allegations contained in paragraphs 214, 214(a), 214(b), 214(c), 214(d), 214(e) and 214(f) of the Complaint are not directed at BANA. However, to the extent a response may be required, BANA denies the allegations of paragraphs 214, 214(a), 214(b), 214(c), 214(d), 214(e) and 214(f) to the extent said paragraphs assert or are deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

215.    The allegations contained in paragraph 215 of the Complaint are not directed at BANA. However, to the extent a response may be required, BANA denies the allegations of paragraph 215 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

216.    The allegations contained in paragraph 216 of the Complaint are not directed at BANA. However, to the extent a response may be required, BANA denies the allegations of paragraph 216 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

### SEVENTH CLAIM FOR RELIEF
(New York Fair Credit Reporting Act, N.Y. Gen. Bus. Law §§ 380-j and 380-k)
(Against Defendants ChexSystems and EWS)

217.    BANA responds to the allegations contained in paragraph 217 of Plaintiff's Complaint in the same manner and with the same force and effect as BANA's answers contained in paragraph 1 through 216, inclusive, hereinabove, the contents of which are incorporated by reference as though fully recited herein.

7127868v.1

218.    The allegations contained in paragraph 218 of the Complaint are not directed at BANA. However, to the extent a response may be required, BANA denies the allegations of paragraph 218 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

219.    The allegations contained in Complaint paragraphs 219, 219(a), 219(b) and 219(c) are not directed at BANA. However, to the extent a response may be required, BANA denies the allegations of paragraphs 219, 219(a), 219(b) and 219(c) to the extent said paragraphs assert or are deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

220.    The allegations contained in paragraph 220 of the Complaint are not directed at BANA. However, to the extent a response may be required, BANA denies the allegations of paragraph 220 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

## EIGHTH CLAIM FOR RELIEF
(California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785 *et seq.*
("CCCRAA"))
(Against Defendants ChexSystems and ESW)

221.    BANA responds to the allegations contained in paragraph 221 of Plaintiff's Complaint in the same manner and with the same force and effect as BANA's answers contained in paragraph 1 through 220, inclusive, hereinabove, the contents of which are incorporated by reference as though fully recited herein.

7127868v.1

222.   The allegations contained in paragraph 222 of the Complaint are not directed at BANA. However, to the extent a response may be required, BANA denies the allegations of paragraph 222 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

223.   The allegations contained in Complaint paragraphs 223, 223(a), and 223(b) are not directed at BANA. However, to the extent a response may be required, BANA denies the allegations of paragraphs 223, 223(a), and 223(b) to the extent said paragraphs assert or are deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

224.   The allegations contained in paragraph 224 of the Complaint are not directed at BANA. However, to the extent a response may be required, BANA denies the allegations of paragraph 224 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

### NINTH CLAIM FOR RELIEF
(California Consumer Reporting Agencies Act Cal. Civ. Code § 1785 *et seq.*
("CCCRAA"))
(Against Defendant BANA)

225.   BANA responds to the allegations contained in paragraph 225 of Plaintiff's Complaint in the same manner and with the same force and effect as BANA's answers contained in paragraph 1 through 224, inclusive, hereinabove, the contents of which are incorporated by reference as though fully recited herein.

226.   BANA denies the allegations contained in paragraph 226 of the Complaint.

34

227.    BANA denies the allegations contained in paragraphs 227, 227(a), and 227(b) of the Complaint.

228.    BANA denies the allegations contained in paragraph 228 of the Complaint.

229.    BANA denies the allegations contained in paragraph 229 of the Complaint.

**TENTH CLAIM FOR RELIEF**
(Defamation under New York common law and Cal. Civ. Code §§ 44 and 45a)
(Against Defendants ChexSystems and EWS)

230.    BANA responds to the allegations contained in paragraph 230 of Plaintiff's Complaint in the same manner and with the same force and effect as BANA's answers contained in paragraph 1 through 229, inclusive, hereinabove, the contents of which are incorporated by reference as though fully recited herein.

231.    The allegations contained in paragraph 231 of the Complaint are not directed at BANA. However, to the extent a response may be required, BANA denies the allegations of paragraph 231 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

232.    The allegations contained in paragraph 232 of the Complaint are not directed at BANA. However, to the extent a response may be required, BANA denies the allegations of paragraph 232 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

233.    The allegations contained in paragraph 233 of the Complaint are not directed at BANA. However, to the extent a response may be required, BANA denies the allegations of

paragraph 233 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

234.    The allegations contained in paragraph 234 of the Complaint are not directed at BANA.  However, to the extent a response may be required, BANA denies the allegations of this paragraph 234 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

235.    The allegations contained in paragraph 235 of the Complaint are not directed at BANA.  However, to the extent a response may be required, BANA denies the allegations of paragraph 235 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

236.    The allegations contained in paragraph 236 of the Complaint are not directed at BANA.  However, to the extent a response may be required, BANA denies the allegations of paragraph 236 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

237.    The allegations contained in paragraph 237 of the Complaint are not directed at BANA.  However, to the extent a response may be required, BANA denies the allegations of paragraph 237 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

7127868v.1

238.    The allegations contained in paragraph 238 of the Complaint are not directed at BANA.  However, to the extent a response may be required, BANA denies the allegations of paragraph 238 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

239.    The allegations contained in paragraph 239 of the Complaint are not directed at BANA.  However, to the extent a response may be required, BANA denies the allegations of paragraph 239 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

240.    The allegations contained in paragraph 240 of the Complaint are not directed at BANA.  However, to the extent a response may be required, BANA denies the allegations of paragraph 240 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

241.    The allegations contained in paragraph 241 of the Complaint are not directed at BANA.  However, to the extent a response may be required, BANA denies the allegations of paragraph 241 to the extent it asserts or is deemed as asserting any unlawful or improper actions on the part of BANA and BANA refers all questions of fact and law to this Court for determination.

### ELEVENTH CLAIM FOR RELIEF
(Defamation under New York common law and Cal. Civ. Code §§ 44, 45a, and 46)

(Against Defendant BANA)

242.   BANA responds to the allegations contained in paragraph 242 of Plaintiff's Complaint in the same manner and with the same force and effect as BANA's answers contained in paragraph 1 through 241, inclusive, hereinabove, the contents of which are incorporated by reference as though fully recited herein.

243.   BANA denies the allegations contained in paragraph 243 of the Complaint.

244.   BANA denies the allegations contained in paragraph 244 of the Complaint.

245.   BANA denies the allegations contained in paragraph 245 of the Complaint.

246.   BANA denies the allegations contained in paragraph 246 of the Complaint.

247.   BANA denies the allegations contained in paragraph 247 of the Complaint.

248.   BANA denies the allegations contained in paragraph 248 of the Complaint.

249.   BANA denies the allegations contained in paragraph 249 of the Complaint.

250.   BANA denies the allegations contained in paragraph 250 of the Complaint.

251.   BANA denies the allegations contained in paragraph 251 of the Complaint.

252.   BANA denies the allegations contained in paragraph 252 of the Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

253.   Plaintiff fails to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

254.   Upon information and belief, Plaintiff (i) has not been damaged by reason of any act on the part of the BANA, and (ii) BANA has not breached any legal duty to Plaintiff, but has acted properly in all respects.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

38

255.     Upon information and belief, all allegedly fraudulent transactions were conducted pursuant to Plaintiff's knowledge.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

256.     Upon information and belief, all allegedly fraudulent transactions were authorized and/or ratified by Plaintiff.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

257.     Upon information and belief, the bona fides of a depositor's claim of alleged fraudulent transactions is comprised of many factors including, without limitation, credibility.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

258.     Upon information and belief, BANA's claim investigation and second claim re-evaluation determined that no error had occurred, as the transactions in question were authorized and posted correctly to the account.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

259.     Plaintiff's Complaint is barred by the provisions of the governing Deposit Agreement.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

260.     If the Plaintiff sustained injuries or damages as alleged, which the BANA denies, such injuries or damages were caused by a person or entity whose conduct the BANA did not control and for whom the BANA is not legally responsible.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

261.     Upon information and belief, Plaintiff's action is or may be time barred by Regulation E, 12 CFR 205.6 pursuant to the federal Electronic Funds Transfer Act governing electronic transactions.

7127868v.1

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

262.   Upon information and belief, this action is barred by Regulation E pursuant to the federal Electronic Funds Transfer Act, governing electronic transactions.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

263.   Upon information and belief, Plaintiff's Complaint is time barred by the provisions of the governing Deposit Agreement.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

264.   Upon information and belief, Plaintiff's alleged injuries, if any, were not proximately caused by any action on the part of BANA.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

265.   Upon information and belief, Plaintiff has not suffered any damages as a result of any alleged conduct of BANA.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

266.   Upon information and belief, any damages allegedly sustained by Plaintiff were caused, in whole or in part, by her own action or inaction and/or that of others other than BANA.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

267.   Upon information and belief, any recovery by Plaintiff herein would result in Plaintiff's unjust enrichment.

## AS AND FOR AN SIXTEENTH AFFIRMATIVE DEFENSE

268.   Upon information and belief, Plaintiff's action is barred by the principle of waiver.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

7127868v.1

269.    Upon information and belief, Plaintiff's action is barred by the principle of estoppel.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

270.    Upon information and belief, Plaintiff's action is barred by the principle of laches.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

271.    Upon information and belief, Plaintiff has not been damaged in the amounts demanded in the Complaint.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

272.    Plaintiff is not entitled to injunctive relief both as a matter of law and/or by reason of the facts of this matter.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

273.    The statements and actions complained of with respect to the claimed damage to reputation are not alleged with the particularity required by CPLR 3016(a).

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

274.    Any statements attributable to BANA as defamatory were made to those who shared a community of interests with them; as such those statements are protected by the qualified common interest privilege. Plaintiff cannot overcome the common interest privilege.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

275.    BANA is entitled to a qualified privilege protecting it from liability from Plaintiff's claims of defamation, libel or slander because (a) the alleged statements/publications were made in good faith; (b) the statements/publications were limited to serve a specific purpose; (c) BANA had a duty or interest in communicating the statement/publication; and (d) BANA communicated it to someone with a corresponding duty or interest.

7127868v.1

### AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

276.    Plaintiff fails to state a cause of action for defamation, libel or slander because the alleged statements/publications made by BANA were substantially true, or not otherwise false.

### AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

277.    The statements and actions complained of did not injure the reputation of Plaintiff.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

278.    Any statements, verbal or written, by BANA and its employees would constitute opinion and are not actionable.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

279.    BANA acted reasonably, in good faith, with probable cause, without malice or ill will, and without intent to injure or harm plaintiff.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

280.    The damages incurred by Plaintiff, if any, which damages are specifically denied, are barred and/or limited by her own fault, or the fault of others, and the damages recovered by the plaintiff, if any, should be diminished or reduced in the proportion to which said culpable conduct bears upon the culpable conduct which caused the damages.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

281.    The injuries and damages, if any, allegedly sustained by the plaintiff, which are specifically denied, were caused by plaintiff's sole, contributory or comparative negligence and/or culpable conduct and by plaintiff's failure to make proper observations and exercise reasonable care under the existing circumstances.

7127868v.1

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

282.    Plaintiff failed to take action to prevent the avoidable consequences of any action or omission of which Plaintiff complains.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

283.    BANA states that Plaintiff's claims are barred due to the failure to mitigate, obviate, diminish or otherwise to lessen or reduce the injuries and damages alleged in the Complaint, including, but not limited to, the Plaintiff failed to report the incident to the Police and also failed to report the unauthorized transactions immediately to BANA, despite plaintiff's knowledge and notice of same.

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

284.    Plaintiff is not entitled to damages including but not limited to treble and/or punitive damages as a matter of law pursuant to the Fair Credit Reporting Act or otherwise since BANA's conduct was not willful and, as a consequence, did not rise to the level of moral culpable conduct that would support such a claim.

## AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

285.    Answering defendant is entitled to a set-off or credit in the amount of any settlement or compromise heretofore or hereafter reached by Plaintiff and any of the other defendants or any other person or entity for any of the damages alleged.  Moreover, pursuant to the provisions of section 15-108 of the General Obligations Law, the answering defendant is entitled to a reduction of any adverse judgment by either the total settlement amount paid by any other tortfeasors or in the amount of the released tortfeasors' equitable share of the damages, whichever is the greatest.

7127868v.1

## AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

286.     In the event the court were to find a violation, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. § 1693m(c).

## AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

287.     Deposit of an image of a check remotely using a mobile device which transmits the image to the bank using a mobile app, upon information and belief, is not governed by the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA") or the implementing regulations 12 C.F.R. 205 et seq. commonly known as Regulation E.  See Benjamin Geva, 1-6 The Law of Electronic Funds Transfers § 6.04 (2017) (Matthew Bender). In addition, upon information and belief, the EFTA and Regulation E expressly exclude "checks" from the definition of an electronic fund transfer and also exclude "checks" from its coverage.  See 15 U.S.C. § 1693a - Definitions (sub paragraph 7), "the term 'electronic fund transfer' means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account …." See also, 12 CFR § 205.3(c) which excludes "checks" from coverage and states that "[t]he term electronic fund transfer does not include (1) Checks. Any transfer of funds originated by check, draft, or similar paper instrument; or any payment made by check, draft, or similar paper instrument at an electronic terminal."  In this case, images of the subject forged checks were deposited remotely into Plaintiff's account at BANA using a mobile device to create an image of the forged checks and to transmit the images to the bank using a mobile app and, thus, are not governed by EFTA or Regulation E. Consequently, plaintiff does not have a cognizable cause of

44

action under the EFTA or Regulation E.

## AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

288.   Upon information and belief, this matter does not otherwise fall under the EFTA or Regulation E for a disputed transaction of an "error" as defined under 15 U.S.C. § 1693f (sub paragraph (f)(1) as an unauthorized electronic fund transfer ....  An "unauthorized electronic fund transfer" is defined at 15 U.S.C. § 1693a(12) and means  "an electronic fund transfer from a consumer's account…" and does not include deposits to a consumers account.

289.   Nor does plaintiff claim any other error as defined 15 U.S.C. § 1693f (sub paragraph (f)(2) for an incorrect electronic fund transfer from or to the consumer's account, since Plaintiff admits that she was not entitled to credit for the forged checks deposited in her account, so there was no error in the bank's failure to give her credit.  Nor does plaintiff claim any other errors defined therein such as (3) omission from a periodic statements of an electronic fund transfer affecting the consumer's account which should have been included, or (4) a computational error by the financial institution, or (5) the consumer's receipt of an incorrect amount of money from an electronic terminal, etc…. Plaintiff is not claiming any "error" that would require an investigation under the EFTA or Regulation E.

## AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

290.   An "unauthorized electronic fund transfer" defined at 15 U.S.C. § 1693a(12) does not include any electronic fund transfer initiated with fraudulent intent by the consumer or any person acting in concert with the consumer.

## AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

291.   Upon information and belief, the subject forged checks were deposited with plaintiff's knowledge and plaintiff was complicit and acting in concert with a third party to

deposit the fraudulent checks into her account.  Upon information and belief, despite plaintiff's actual knowledge of the fraudulent deposits, plaintiff never filed any fraud claim and never reported the fraudulent deposits to BANA and never filed any police report.

### AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

292.    The plaintiff has unclean hands.

### AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE

293.    It shall be a complete defense under New York General Business Law - GBS § 349, that the act or practice is, or if in interstate commerce would be, subject to and complies with the rules and regulations of, and the statutes administered by, the federal trade commission or any official department, division, commission or agency of the United States as such rules, regulations or statutes are interpreted by the federal trade commission or such department, division, commission or agency or the federal courts.

294.    BANA complied with the Fair Credit Reporting Act and the EFTA and Regulation E, as interpreted by the courts, and as such, is a complete defense to the plaintiff's action under NY GBS § 349.

### AS AND FOR A FORTY-FIRST AFFIRMATIVE DEFENSE

295.    There is no independent cause of action or remedy for breach of duty of good faith and fair dealing and granting such a claim would be duplicitous and result in unjust enrichment.

### AS AND FOR A FORTY- SECOND AFFIRMATIVE DEFENSE

296.    Statutory Immunity or privilege.  Pursuant to California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.32 provides that "except as provided in Section 1785.31, no consumer may bring any action or proceeding in the nature of defamation, invasion

46

of privacy or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to Section 1785.10, 1785.15 or 1785.20 of this title, except as to false information furnished with malice or willful intent to injure such consumer.

AS AND FOR A FORTY-THIRD AFFIRMATIVE DEFENSE

297.    Election of remedies.  Plaintiff cannot bring an action for both violation of the Fair Credit Reporting Act and under the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785 *et seq.* in the same complaint, and its state law claim is precluded. Pursuant to Cal. Civ. Code § 1785.34. (a) Any consumer credit reporting agency or user of information against whom an action brought pursuant to Section 1681n or 1681o of Title 15 of the United States Code is pending shall not be subject to suit for the same act or omission under Section 1785.31.

AS AND FOR A FORTY-FOURTH AFFIRMATIVE DEFENSE

298.    At all times, BANA acted in good faith compliance with the rules, regulations or interpretations thereof.

[the remainder of the page is intentionally left blank]

47

**WHEREFORE**, Defendant Bank of America, N.A. demands judgment dismissing the Complaint of the Plaintiff, together with the costs and disbursements of this action, and granting BANA judgment together with such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
July 30, 2018

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By:   */s/ Aaron Weissberg*
Aaron Weissberg
1133 Westchester Ave.
White Plains, NY 10604
*Attorneys for Bank of America, N.A.*
Tel.: (914) 872-7189
Fax: (914) 323-7001
Email: aaron.weissberg@wilsonelser.com
File No. 19257.00093

TO:      Brian L. Bromberg
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, NY 10004

Eve Weissman
New Economy Project
121 West 27th Street, #804
New York, NY 10001

*Attorneys for Plaintiff*

John A. Wait
Fox, Rothschild Law Firm
100 Park Avenue, Suite 1500
New York, NY 10017

*Attorneys for Defendant Chex Systems, Inc.*

Cindy D. Hanson
Troutman Sanders LLP
600 Peachtree Street, NE Suite 3000
Atlanta, Georgia  30308

*Attorneys for Defendant Early Warning Services, LLC*

48