

August 31, 2018

<u>Via ECF</u>
Honorable Peggy Kuo
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Ruane v. Bank of America, N.A.,* et al., 1:17-cv-03704 (PKC) (PK)

Dear Judge Kuo:

The undersigned, along with Bromberg Law Office, P.C., represents Plaintiff, Adiaha A. Ruane, in this action. Plaintiff submits this letter-motion[1] to compel Defendant Bank of America, N.A. ("BANA") to respond properly to her requests seeking information relevant to her Fair Credit Reporting Act (FCRA), Electronic Fund Transfer Act (EFTA), and other claims. Plaintiff attempted to resolve her discovery disputes with BANA, to no avail.[2] Attached hereto are: BANA's May 31, 2018 letter (Ex. A); Plaintiff's July 16, 2018 letter (Ex. B); BANA's August 3, 2018 letter (Ex. C); Plaintiff's requests as discussed below and BANA's responses thereto (Ex. D); BANA's production as cited below (Ex. E); the pages of the January 9, 2018 Hearing Transcript ("Transcript") cited below (Ex. F); and Defendant Chex Systems, Inc.'s ("Chex") July 24, 2018 letter (Ex. G). Plaintiff also notes that like Chex, BANA heavily redacted its production to date, including Plaintiff's bank statements and the BANA policy and procedure documents discussed below. The Court ordered Chex to provide unredacted documents, or a privilege log stating what is redacted (*see* 08/16/18 Minute Entry); Plaintiff respectfully requests that the Court order BANA to do the same. *See* Plaintiff's Motion for Discovery (ECF 58); Ex. B, pp. 6-7 (arguing against a party's unilateral redactions, especially when a protective order is in place).

In addition to unredacted versions of Plaintiff's bank statements, Plaintiff respectfully requests that the Court compel BANA to produce the following, in unredacted form:

I.    **Information concerning BANA's EFTA and FCRA investigations**

Central to Plaintiff's claims are her allegations that BANA failed to conduct good-faith and reasonable investigations as required by the EFTA and the FCRA, respectively. Plaintiff's Amended Complaint (ECF 42) ("Am. Compl.") ¶¶ 91-117, 127-130, 137, 174, 183, 210.

---

[1] Plaintiff will be requesting leave to file an unredacted version of this letter-motion under seal.
[2] BANA also failed to indicate whether it is withholding responsive materials, in violation of FCRP 34(b)(2)(C), and improperly objected to all but one of Plaintiff's discovery requests, in violation of FRCP 34(b)(2)(B). *See* Ex. B.

Information about what BANA knew and what evidence BANA had access to at the time of its investigations is clearly relevant. Supplying this factual context is a critical goal of discovery and necessary to assess BANA's reasonableness and good faith. *See Wilson v. Corelogic SafeRent, LLC*, 2016 U.S. Dist. LEXIS 68138, at *8 (S.D.N.Y. May 23, 2016); *Wood v. Credit One Bank*, 277 F. Supp. 3d 821, 851 (E.D. Va. 2017). Whether BANA's conduct involved repeated actions or was an isolated incident – and whether its conduct was knowing and willful – is also relevant to Plaintiff's claims for punitive damages under the FCRA and treble damages under the EFTA. Am. Compl. ¶¶ 176, 178, 211. *See Menefee v. ChoicePoint*, 2009 U.S. Dist. LEXIS 5177, at *15-17 (E.D. Pa. Jan. 26, 2009); *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003); 15 U.S.C. §§ 1693f, 1693m. Accordingly, Plaintiff is entitled to discovery concerning:

a. The average time and cost of investigating EFTA and FCRA disputes **(Interrogatories 8-9; RFPs 17-19, 28-29, 31)**. *See Wood*, 277 F. Supp. 3d at 852 (time spent investigating disputes bears on reasonableness); *DiPrinzio v. MBNA Am. Bank*, 2005 U.S. Dist. LEXIS 18002, at *32-35 (E.D. Pa. Aug. 24, 2005) (rejecting effort to preclude "average processing time" of disputes); *Cushman v. TransUnion*, 115 F.3d 220, 222, 226 (3d Cir. 1997) (jury could deem cost of investigations too low weighed against alleged damages).

b. Complaints about BANA's failure to properly or adequately investigate disputes of fraud, identify theft, or unauthorized transactions **(RFP 25)**. The Court ordered Chex to "provide a list of all regulatory and legal complaints … concerning its failure to properly reinvestigate disputed reports of suspected fraud activity….[and] copies of the complaints in its possession" (08/16/18 Minute Entry); Plaintiff respectfully requests that the Court likewise order BANA to produce responsive documents. *See, e.g., Ahern v. Trans Union LLC*, 2002 U.S. Dist. LEXIS 26355, at *5-6 (D. Conn. Oct. 23, 2002); Ex. B, I.b.

c. The use of a fake Barack Obama signature to commit fraud on BANA accounts **(Interrogatory 7; RFP 11)**. The information BANA considered in its investigations is relevant to whether it was reasonable to blame and report Plaintiff for the fake checks deposited into her account. *See Wilson*, 2016 U.S. Dist. LEXIS 68138, at *8. Contradicting its own claim that Plaintiff's case is "isolated" and "discrete" (Transcript pp. 6, 52), BANA appears to have blamed Plaintiff for the fraud on the (incorrect) assumption that she participated in a "fraud trend" ▬▬▬▬▬▬ ▬▬▬▬▬ (BANA001075, 001117). (Plaintiff is neither.) Yet BANA was also on notice of another "fraud trend" – a previous situation where BANA held another former customer, George Campbell, liable for fake checks bearing a fake Obama signature that had been deposited into his account, and then reported him to Chex for "suspected fraud activity." Am. Compl. ¶ 99. The Court recently ordered Chex to provide its investigative file for that case (08/16/18 Minute Entry); the information Plaintiff seeks from BANA about an "Obama signature" fraud trend is relevant and discoverable on similar grounds.

d. Data breaches and employee misconduct that may have compromised or did compromise Plaintiff's personal information **(Interrogatory 6; RFPs 13-16)**. BANA's counsel claims that "BANA was not involved in a data breach" (*see* Ex. A), but news reports exist of a 2011 data breach at BANA involving an employee charged with stealing and selling customer data. Am. Compl. ¶ 120. The requested information is relevant to whether it was reasonable for BANA to conclude that Plaintiff was responsible for the fraud.

e. The accuracy of BANA's investigations into claims of unauthorized transactions and negative reporting to consumer reporting agencies (CRAs) **(Interrogatories 10-11, 13-**

14); information about accounts that BANA investigated regarding unauthorized transactions and disputed reporting to CRAs **(RFPs 21-24)**. Plaintiff alleges that BANA routinely blames customers with low balances for unauthorized account activity, without properly investigating those customers' disputes or fraud claims and when BANA does not have a reasonable basis to reach such conclusions. Am. Compl. ¶ 124. BANA has said that people "of modest means" are targeted by fraudsters and are more likely to participate in defrauding the bank. *See* Transcript p. 12. The requested information bears on the reasonableness of BANA's investigations concerning Plaintiff and on whether BANA's determinations are improperly based on accountholders' imputed income status.

**II.    BANA's policies and procedures regarding the EFTA, FCRA, and certain accountholder disputes (Interrogatory 12; RFPs 9-10, 12, 27)**

BANA's policies and procedures concerning EFTA and FCRA compliance are relevant to Plaintiff's key claims. *See Wilson*, 2016 U.S. Dist. LEXIS 68138, at *7-8; *Boutvis*, 2002 U.S. Dist. LEXIS 8521, at *9. Though BANA has produced some relevant documents, they are heavily redacted. *See, e.g.,* BANA001120-001164. BANA clearly has policies and procedures to address and document fraud claims on customers' accounts. *See* Transcript, pp. 8, 12 (according to BANA, fraudsters target people "of modest means"; BANA may report a customer for suspected fraud even if she did not know about the fraud or was negligent); BANA00995 (internal notes on Plaintiff referring to a "fraud trend"). Such information is relevant to the frequency and persistence of BANA's noncompliance, the extent to which the noncompliance was intentional, and damages under the EFTA. 15 U.S.C. § 1693m(b).

**III.   Contractual relationships, duties, and communications between BANA and CRAs (RFPs 1, 4, 5, 26, 32)**

Plaintiff alleges that BANA improperly reported her to CRAs and failed to properly investigate her dispute of BANA's reporting. Am. Compl. ¶¶ 20, 93, 210, 227, 243. The requested documents may shed light on, for example, Defendants' respective indemnification obligations and CRA instructions to BANA as to how to investigate customers' disputes. BANA claims that no such instructions exist (*see* Ex. A), but its production suggests otherwise (*see* Ex. B, pp. 7-8). (BANA's production for RFP 32 is also heavily redacted. *See* Ex. A; BANA001125-001141.) Chex agreed to produce its contract with BANA with BANA's consent (*see* Ex. G), but BANA has so far objected to producing the same (*see* Ex. D, RFP 26).

Plaintiff also alleges that BANA improperly reported her to EWS. Am. Compl. ¶¶ 71, 72, 90, 93, 126, 137, 140, 192, 227. BANA has admitted to reporting Plaintiff to EWS. *See* BANA's Answer and Affirmative Defenses to Plaintiff's Amended Complaint (ECF 56) ¶ 52, 71. Yet BANA has failed to produce any documents concerning EWS, though its production suggests that such documents exist. *See, e.g.,* BANA001144.

Respectfully submitted,

/s/ Eve Weissman
Eve Weissman

cc: All counsel of record (via ECF)