

November 14, 2018

VIA ECF
Honorable Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Ruane v. Bank of America, N.A., Chex Systems, Inc., and Early Warning Services, LLC*, 1:17-cv-03794-PKC-PK

Dear Judge Kuo:

The undersigned, along with Bromberg Law Office, P.C., represents Plaintiff Adiaha A. Ruane in the above-referenced litigation. Please allow this letter to serve as Plaintiff's request to file the attached Proposed Second Amended Complaint,[1] which would amend her allegations and claims against Defendant Early Warning Services, LLC ("EWS").[2] Under FRCP 15(a)(1)(B), Plaintiff's deadline to amend as of right was November 9, 2018, as Defendant EWS served Plaintiff with its Rule 12(b)(6) motion on October 15, 2018.[3] This is Plaintiff's first request to extend this deadline. EWS informed Plaintiff that it does not consent to her request as EWS "do[es] not think there are any provable facts that can be added that would cure the deficiencies in the complaint"; "[a]ny additional facts would be speculative"; and "Plaintiff has already had her chance to fix the deficiencies in the complaint through the Court's pre-motion conference procedure" (see attached email from EWS counsel).

Plaintiff further requests that, in the interest of judicial economy, briefing on EWS's pending motion to dismiss would be stayed until EWS had determined whether or not to renew its 12(b)(6) motion in light of Plaintiff's Second Amended Complaint. Plaintiff's response to EWS's motion is currently due November 20, 2018 and EWS's reply is due December 4, 2018. If EWS were to decide to renew its motion after reviewing Plaintiff's Second Amended Complaint, Plaintiff would work with EWS to expeditiously propose an updated briefing schedule to the Court.

Plaintiff makes this request because while preparing arguments in opposition to EWS's pending motion to dismiss, her counsel discovered new facts that would strengthen Plaintiff's claims against EWS. This includes facts derived from two federal class action complaints filed against EWS in 2015 and 2016, respectively, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681e(b),

---

[1] Plaintiff amended her original Complaint under FCRP 15(a)(2), with defendants' consent and the Court's leave.
[2] The proposed amendments to the attached Proposed Second Amended Complaint are indicated by track changes.
[3] Three days were added to the 21-day deadline per Rule 6(d) because EWS served its motion on Plaintiff by mail.

premised on strikingly analogous facts concerning EWS's failure to follow reasonable procedures when parroting banks' reporting of employees for having committed internal fraud. Plaintiff also just discovered an EWS webinar (available at http://resources.earlywarning.com/protecting-accounts-transactions-and-mobile-apps/webinar-protecting-accounts-transactions-and-mobile-apps) held on October 4, 2018 that demonstrates EWS's awareness that theft of consumers' personally identifiable information (PII) is rampant, due to data breaches and other threats, and that PII thieves can readily log in as the consumers. Plaintiff also notes that she has twice consented to EWS's requests to extend its original October 22, 2018 deadline to respond to Plaintiff's Requests for Production and Interrogatories because of EWS counsel's travel schedule; consequently, Plaintiff is in the process of reviewing preliminary discovery produced by EWS just a week ago, on November 7, 2018, and is awaiting additional discovery responses that EWS is to produce by November 14, 2018.

Courts should freely grant leave to amend a party's pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). Amendments are generally favored as they "tend to facilitate a proper decision on the merits." *Blaskiewicz v. County of Suffolk*, 29 F. Supp. 2d 134, 138 (E.D.N.Y. 1998); *see also Bianco v. Cty. of Nassau*, 2018 U.S. Dist. LEXIS 36562, at *16 (E.D.N.Y. March 6, 2018); *Zucker v. Porteck Global Servs., Inc.*, 2015 U.S. Dist. LEXIS 144132, at *10 (E.D.N.Y. Oct. 23, 2015). FRCP 15 is therefore liberally construed and a district court has broad discretion regarding whether to grant leave to amend. *See Bianco*, at *16; *Hartman v. Cty. of Nassau*, 2008 U.S. Dist. LEXIS 34729, at *54 (E.D.N.Y. April 28, 2008); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The non-movant bears the burden of demonstrating that the proposed amendments are improper. *Bianco*, at *16 (citing *Blaskiewicz*, 29 F. Supp. 2d at 137).

Where a defendant opposes amendments on the ground that plaintiff has unduly delayed, as EWS contends in the attached email, "a court may deny leave to amend only if the plaintiff waited an inordinate amount of time to seek leave to amend, and only then if the plaintiff offers no satisfactory explanation … for the delay, and the amendment would prejudice the defendant." *Shpak v. Curtis*, 2012 U.S. Dist. LEXIS 19199, at *12 (E.D.N.Y. Feb. 14, 2012) (internal citations and quotations omitted). Plaintiff, however, has not waited an inordinate amount of time in moving to amend – her deadline to amend as of right expired just this past Friday, November 9 – and she has offered a satisfactory explanation for that brief delay. Moreover, Plaintiff's Proposed Second Amended Complaint would not prejudice EWS, as EWS can simply renew its motion to dismiss if it wishes to do so upon its review of Plaintiff's Second Amended Complaint. Also, the fact that FRCP 15(a)(1)(B) expressly provides that a party may amend its pleading as of right following service of a Rule 12(b) motion belies EWS's contention that Plaintiff should have remedied her Amended Complaint through the Court's pre-motion conference procedure (see attached email) (EWS served its 12(b)(6) motion on October 15, and the Court held its pre-motion conference nearly a month earlier, on September 18). In addition, the case cited by EWS counsel in the attached email, *DigitAlb, Sh.a v. Setplex*, LLC, 284 F. Supp. 3d 547 (S.D.N.Y. 2018), is inapposite: The plaintiff in *DigitAlb, Sh.a* conceded at the pre-motion conference therein that it could have pleaded a certain allegation, whereas Plaintiff made no such concession at the September 18 pre-motion conference herein.

Respectfully,
/s/ Eve Weissman
Eve Weissman, Esq.                              CC: All counsel of record (via ECF)