

**Aaron Weissberg**
Associate
Tel: (914) 872-7189

December 11, 2018

<u>VIA ECF</u>
Honorable Peggy Kuo
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:     *Ruane v. Bank of America, N.A., et. al.*, <u>1:17-cv-03704 (PKC) (PK)</u>

Dear Judge Kuo:

      We are the attorneys for defendant, Bank of America, N.A., in this action.

      This is submitted in opposition to plaintiff's motion to amend her complaint for a second time. Pursuant to the Initial Scheduling Order so ordered by the court on January 9, 2018, no other amendment of pleadings will be permitted after April 9, 2018 unless information unknown to the parties by this date later becomes available to them, which appears as document 28 on the court's docket. On April 3, 2018, the plaintiff counsel filed their first motion to amend her complaint, document 30 on the court's docket, which was granted by the court on April 4, 2018 extending the plaintiff's time to May 19, 2018 to amend the complaint. The deadline was later extended to June 1, 2018 by the court. On May 30th, plaintiff's counsel filed their second motion to amend the complaint to extend the deadline to July 2, 2018, which was granted by Order dated May 31, 2018. Thereafter on July 2, 2018, the plaintiff filed her amended complaint 42 pages in length with 252 paragraphs. Much of the details are simply factual allegations and arguments which are unnecessary for notice pleading purposes.

      This is now the third motion to amend plaintiff's complaint approximately 5 months after her deadline to amend the complaint expired. This proposed amendment does not add any allegations that would alter the outcome of the motion by EWS. Rather, the proposed amendment simply rewords and adds repetitive and redundant factual arguments from paragraphs 164 to 214. The proposed amendment also includes reference, in paragraph 199, to two class action law suits that plaintiff alleges settled which is not relevant to this action since plaintiff was not a party. These are not new facts; e.g., *Abbas v. Early Warning Services, LLC*, 2:15-cv-01976-BSB (D. Ariz.) is a case from 2015 which terminated in 2017. The second case is *Muir v. Early Warning Services, LLC et al*, was filed in 2016 and terminated on June 13, 2018. Both cases were public records for a few years and are not new. The second aspect of the amendment seems to be to add references to an alleged seminar about data breaches which are basically factual arguments that do not allege any new legal theory of the case or remedy any defects.

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Indiana • Kentucky
Las Vegas • London • Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • Phoenix • San Diego
San Francisco • Sarasota • Stamford • Virginia • Washington, DC • West Palm Beach • White Plains

wilsonelser.com

7378451v.1

Rather it is simply an effort to make factual arguments to bolster already plead legal claims in the hopes that the legal deficiencies will be lost among lengthy repetitive and factual arguments. The proposed amendment is really inappropriate and unnecessary, nor are they new. There does not appear to be any proper basis to grant plaintiff's motion. These same arguments can be made by plaintiff in her opposition papers to the motion by EWS in the absence of such amendments.

It is respectfully submitted that plaintiff has not demonstrated the meritorious nature of the proposed amendments or a reasonable excuse for the long delay in moving the court as she is required to do, which application is admittedly untimely made to this court.

To avoid the time and energy of all the parties of having to respond to an unnecessary, lengthy and repetitive pleading, it is requested that this motion be denied.

Wherefore, it is respectfully requested that plaintiff's motion be denied in its entirety.

Respectfully submitted,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

Aaron Weissberg

cc:   All counsel of record (via ECF)