UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADIAHA A. RUANE,<br><br>       Plaintiff,<br><br>  v.<br><br>JURY DEMANDED<br>BANK OF AMERICA, N.A., CHEX SYSTEMS, INC., and EARLY WARNING SERVICES, LLC,<br><br>       Defendants. | No. 17-CV-3704(PKC)(PK) |

**PLAINTIFF'S NOTICE OF DEPOSITION UNDER
RULE 30(b)(6) OF DEFENDANT
<u>BANK OF AMERICA, N.A.</u>**

To:

Constantine A. Despotakis, Esq.
Aaron Weissberg, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
1133 Westchester Avenue
White Plains, NY 10604
Email: constantine.despotakis@wilsonelser.com
Email: aaron.weissberg@wilsonelser.com

Cindy D. Hanson, Esq.
Troutman Sanders LLP
600 Peachtree Street, NE Suite 3000
Atlanta, GA 30308
Email: cindy.hanson@troutman.com

Amanda L. Genovese, Esq.
Troutman Sanders LLP
875 Third Avenue
New York, NY 10022
Email: amanda.genovese@troutmansanders.com

1

Meagan A. Mihalko, Esq.
Troutman Sanders LLP
1001 Haxall Point
Richmond, VA 23219
Email: meagan.mihalko@troutman.com

John A. Wait, Esq.
Alexandra L. Sobol, Esq.
Fox Rothschild LLP
101 Park Avenue, 17th Floor
New York, NY 10178
Email: jwait@foxrothschild.com
Email: asobol@foxrothschild.com

PLEASE TAKE NOTICE THAT Plaintiff's counsel will take the stenographic deposition of Defendant **Bank of America, N.A.'s** Rule 30(b)(6) designee(s) **at a date and time to be scheduled**.

The deposition will proceed at the **Bromberg Law Office, P.C., 26 Broadway, 21st Floor, New York, NY 10004**.

The deposition shall be taken pursuant to notice and shall continue from that time until complete. Under Federal Rule of Civil Procedure 30(b)(6), please designate the person or persons who can testify as to each of the following issues:

1. The meaning and purpose of all documents produced by Bank of America, N.A. ("BANA"), including the meaning and definition of any codes or terms used in such documents.

2

2. Communications between Plaintiff, or someone acting on behalf of Plaintiff, and BANA, including information in any telephone call logs and mobile app log-in records produced by BANA.

3. Communications between BANA and any party relating to Plaintiff.

4. Each dispute submitted by Plaintiff, any responses by BANA to each dispute, and all facts and circumstances relating to BANA's investigation and reinvestigation thereof, including but not limited to:

    a. Who conducted each part of the investigation or reinvestigation;

    b. Who was contacted during the investigation or reinvestigation;

    c. Each act constituting the investigation or reinvestigation;

    d. Each document related to or consulted during the investigation or reinvestigation; and

    e. The nature and content of any records or recordings relating to the investigation or reinvestigation.

5. BANA records, communications, policies, and procedures regarding the use of a signature bearing a close or exact resemblance to the signature of former U.S. President Barack Obama in connection with any BANA accounts.

6. BANA's investigations, reinvestigations, and furnishing of information to any consumer reporting agency involving George Campbell, the plaintiff in the case *George Campbell v. Bank of America, N.A.*, No. 16-CV-9734 (AJN).

7. BANA's account history, records, and reports for all BANA accounts in Plaintiff's name, including but not limited to the opening and closing of each such

3

account, the charges made and payments received on each such account, all activity on each such account, and all steps taken to investigate each such account or reinvestigate information furnished to any consumer reporting agency concerning each such account.

8. BANA's account history, records and reports for all BANA accounts reported to any consumer reporting agency regarding Plaintiff, including but not limited to the opening and closing of each such account, the charges made and payments received on each such account, all activity on each such account, all notices sent to consumer reporting agencies concerning each such account, and all steps taken to investigate each such account or reinvestigate information furnished to any consumer reporting agency concerning each such account.

9. BANA's data files, records and reports (including to third parties), regarding Plaintiff or using any of Plaintiff's personal identifiers.

10. BANA's relationship and subscriber contracts with Chex Systems, Inc. ("Chex") and Early Warning Services, LLC ("EWS").

11. BANA's agreements, oral, written, or resulting from custom and practice with Chex and EWS.

12. BANA's policies and procedures for creating, storing, and retaining information, documents, and recordings concerning Plaintiff, including BANA's records and communications with Plaintiff, Chex, EWS, and any other parties concerning Plaintiff's accounts.

4

13. All media and/or formats by which BANA reported information concerning Plaintiff to Chex and EWS.

14. BANA's partial ownership of EWS.

15. The allegations and facts discussed in Plaintiff's Second Amended Complaint as filed in this lawsuit.

16. BANA's policies and procedures for handling disputes received from consumers concerning (a) allegations of fraud, theft, attempted theft, or suspected fraud activity; (b) BANA's reporting of customers to consumer reporting agencies for suspected fraud activity and/or transacting (or attempting to transact) with an account in an unauthorized or prohibited manner; and (c) BANA's investigation or reinvestigation of such allegations and disputes.

17. The number of investigations and reinvestigations of disputes handled by Adrianna Mendoza, Juliana Yao, and Michal Pankowski on the day or days that these individuals worked on Plaintiff's dispute(s) and/or file(s) and the amount of time Ms. Mendoza, Ms. Yao, and Mr. Pankowski spent on each such investigation and/or reinvestigation.

18. BANA's policies and procedures for compliance with the Fair Credit Reporting Act, the Electronic Fund Transfer Act, and New York General Business Law § 349.

19. Any and all disputes, responses to disputes, or communications with consumer reporting agencies bearing any of Plaintiff's identifiers and/or the disputed account[s].

5

20. BANA's Answer (including Amended Answers) and all defenses (including affirmative defenses) BANA contends apply to Plaintiff's claims.

21. BANA's response to Plaintiff's interrogatories.

22. BANA's response to Plaintiff's requests for production of documents.

23. BANA's agreements, settlements or consent orders with the Federal Trade Commission, the Consumer Financial Protection Bureau, and/or any State Attorney Generals regarding the investigation or reporting, to consumer reporting agencies, of customers for suspected fraud activity and/or transacting (or attempting to transact) with an account in an unauthorized or prohibited manner from January 1, 2013 to the present.

24. Instruction or information provided by Chex or EWS to BANA regarding responding to disputes and reinvestigation of disputed information.

25. BANA's internal records of regulatory and legal complaints brought against BANA by or on behalf of BANA accountholders concerning BANA's failure to investigate or reinvestigate allegations of fraud, theft, attempted theft, or suspected fraud activity.

26. The size, personnel, organization, budget, facilities, assets and operations of the department(s) that handled Plaintiff's disputes and BANA's investigations and/or reinvestigations concerning Plaintiff.

27. Identification and location information for any BANA employees who worked on or handled any disputes, investigations, and/or reinvestigations concerning Plaintiff.

28. Salary and compensation, quotas and/or productivity targets, and training and evaluations of personnel who worked on or handled any disputes, investigations, and/or reinvestigations concerning Plaintiff.

29. Scope of authority to investigate and correct errors concerning bank accounts and consumer reporting for personnel who worked on or handled any disputes, investigations, and/or reinvestigations concerning Plaintiff.

30. Documents available to personnel who worked on or handled any disputes, investigations, and/or reinvestigations concerning Plaintiff.

31. Any BANA reports or documents concerning the accuracy, reliability, effectiveness, and legality of BANA's reporting, investigations, and reinvestigations concerning suspected fraud activity and/or transacting (or attempting to transact) with an account in an unauthorized or prohibited manner.

32. BANA policies or procedures to measure or evaluate BANA's reporting, investigations, and reinvestigations concerning suspected fraud activity and/or transacting (or attempting to transact) with an account in an unauthorized or prohibited manner.

33. BANA data breaches or security compromises that may have or did compromise Plaintiff's personal and/or account information.

34. Any act by any BANA employee(s) that may have or did compromise Plaintiff's personal and/or account information.

7

       A list of all parties or attorneys for parties on whom this Notice of Deposition is being served is shown on the accompanying proof of service.

Dated:     New York, New York
             April 11, 2019

                         Bromberg Law Office, P.C.

                         By _____
                             Brian L. Bromberg
                             One of the Plaintiffs' Attorneys

## CERTIFICATE OF SERVICE

I, Brian L. Bromberg, declare under penalty of perjury that the following is true and correct:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 26 Broadway, 21st Floor, New York, NY 10004.

On March 20, 2019, I served the following documents(s) on the parties in the within action:

**PLAINTIFF'S NOTICE OF DEPOSITION UNDER**
**RULE 30(b)(6) OF DEFENDANT**
**BANK OF AMERICA, N.A.**

**BY MAIL**:  I am familiar with the business practice for collection and processing of postal mail.  The above-described document(s) will be sent via email, and will also be enclosed in a sealed envelope with first class postage thereon fully prepaid, and deposited with the United States Postal Service at New York, New York on this date, addressed as follows:

Constantine A. Despotakis, Esq.
Aaron Weissberg, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
1133 Westchester Avenue
White Plains, NY 10604
Email: constantine.despotakis@wilsonelser.com
Email: aaron.weissberg@wilsonelser.com

Cindy D. Hanson, Esq.
Troutman Sanders LLP
600 Peachtree Street, NE Suite 3000
Atlanta, GA 30308
Email: cindy.hanson@troutman.com

Amanda L. Genovese, Esq.
Troutman Sanders LLP
875 Third Avenue
New York, NY 10022
Email: amanda.genovese@troutmansanders.com

Meagan A. Mihalko, Esq.
Troutman Sanders LLP
1001 Haxall Point
Richmond, VA 23219
Email: meagan.mihalko@troutman.com

John A. Wait, Esq.
Alexandra L. Sobol, Esq.
Fox Rothschild LLP
101 Park Avenue, 17th Floor
New York, NY 10178
Email: jwait@foxrothschild.com
Email: asobol@foxrothschild.com


Dated:     New York, New York
           March 20, 2019

                                        _____
                                        Brian L. Bromberg